ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

|  |  |
|---|---|
| TSDC, LLC, *et al* | ) |
| Plaintiff, | ) Civil Case No.  1:14-cv-02699-CAB |
| v. | ) ANSWER |
| Ann (Antoinette) Galvan, *et al* | ) |
| Defendants. | ) |

Pursuant to Rule 12 and 38 of the Federal Rules of Civil Procedure, Defendants Antoinette ("Ann") Galvan and Gloria Galvan ("Gloria")(collectively "the Galvan sisters") hereby respond to the complaint of plaintiff TSDC, LLC and demand a jury trial as follows:

**NATURE OF COMPLAINT**

 1. Denied.

 2. Denied.

**THE PARTIES**

 3. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

 4. Defendants lack sufficient information to admit or deny this allegation and

-1-

therefore deny this allegation.

5.  Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

6.  Defendants admit that Ann Galvan is a resident of the State of California and deny that she does business in the State of Ohio.

7.  Defendants admit that Gloria Galvan is a resident of the State of California and deny that she does business in the State of Ohio.

8.  Defendants admit that they operate a limited liability company, Hope Inspired Creations LLC, and that it is organized in the State of California.  Defendants deny that it has no involvement in the activities alleged herein.

9.  Denied.

10. Denied.

## JURISDICTION AND VENUE

11.     Defendants admit the Court has subject matter jurisdiction over the action.

12.     Defendants admit that venue is proper and that defendants are subject to personal jurisdiction in the district.  Defendants deny the remainder of this paragraph.

13.     Denied.

14.     Admit.

## TSDC AND ITS MARKS

15. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

16. Defendants lack sufficient information to admit or deny this allegation and

therefore deny this allegation.

17. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

18. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

19. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

20. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

21. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

22. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

23. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

24. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

25. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

## TSDC: USE AND PROTECTION OF ITS FAMILY OF MARKS

26. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

27. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

28. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

29. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

30. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

31. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

32. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

33. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

34. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

35. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

36. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

37. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

38. Defendants lack sufficient information to admit or deny this allegation and

therefore deny this allegation.

39. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

40. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

41. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

42. Admit.

43. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

44. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

45. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

46. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

47. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

48. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

## DEFENDANTS' INFRINGEMENT AND BAD FAITH PRIOR TO SETTLEMENT

49. Denied.

50. Denied.

51. Defendants admit that the parties entered the settlement agreement attached hereto as Exhibit 1. Defendants deny the remainder of this paragraph.

**THE SETTLEMENT AGREEMENT**

52. Defendants admit that the parties entered into the settlement agreement attached hereto as Exhibit 1 on March 4, 2011. Defendants deny the remainder of this paragraph.

53. Defendants admit the parties entered into the settlement agreement attached hereto as Exhibit 1 and that the agreement speaks for itself and is the best evidence of the parties' agreement. Defendants deny the remainder of the paragraph.

54. Defendants admit the parties entered into the settlement agreement attached hereto as Exhibit 1 and that the agreement speaks for itself and is the best evidence of the parties' agreement. Defendants deny the remainder of the paragraph.

55. Defendants admit the parties entered into the settlement agreement attached hereto as Exhibit 1 and that the agreement speaks for itself and is the best evidence of the parties' agreement. Defendants deny the remainder of the paragraph.

56. Defendants admit the parties entered into the settlement agreement attached hereto as Exhibit 1 and that the agreement speaks for itself and is the best evidence of the parties' agreement. Defendants deny the remainder of the paragraph.

**DEFENDANTS' MATERIAL BREACH OF ENTIRE AGREEMENT**

57. Denied.

58. Defendants admit the parties entered into the settlement agreement attached hereto as Exhibit 1 and that the agreement speaks for itself and is the best evidence of the parties' agreement. Defendants deny the remainder of the paragraph.

59. Denied.

60. Denied.

61. Denied.

62. Defendants admit the parties entered into the settlement agreement attached hereto as Exhibit 1 and that the agreement speaks for itself and is the best evidence of the parties' agreement.  Defendants deny the remainder of the paragraph.

63. Denied.

64. Denied.

65. Defendants admit the parties entered into the settlement agreement attached hereto as Exhibit 1 and that the agreement speaks for itself and is the best evidence of the parties' agreement.  Defendants deny the remainder of the paragraph.

**PLAINTIFF'S MITIGATION OF DAMAGES AND NOTICE TO DEFENDANTS**

66. Denied.

67. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

68. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

69. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

70. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

71. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

72. Defendants lack sufficient information to admit or deny this allegation and

therefore deny this allegation.

73. Defendants lack sufficient information to admit or deny this allegation and

therefore deny this allegation.

74. Defendants admit that their attorney received the letter of October 2, 2014, attached

hereto as Exhibit 2. Defendants deny the remainder of this paragraph.

75. Admit.

**DEFENDANTS' CONTINUED BREACH AND INFRINGEMENT AFTER**

**NOTICE**

76. Denied.

77. Denied.

**DEFENDANTS' TARNISHMENT OF PLAINTIFF'S MARKS**

78. Denied.

79. Denied.

**DEFENDANTS' MATERIAL BREACH OF COVENANT OF GOOD FAITH**

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

### UNENFORCEABLE IF DEFENDANTS' USE IS ORNAMENTAL

89. Denied.

90. Denied.

91. Denied.

### PLAINTIFF SIGNED SETTLEMENT AGREEMENT UNDER DURESS

92. Denied.

93. Denied.

94. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

95. Defendants lack sufficient information to admit or deny this allegation and therefore deny this allegation.

96. Denied.

97. Denied.

### COUNT 1 – BREACH OF CONTRACT

98. Defendants incorporate their responses to the allegations set forth in Paragraphs 1 through 97 as if fully rewritten here.

99. Denied.

100.     Denied.

101.     Denied.

### COUNT 2 – FEDERAL STATUTORY TRADEMARK INFRINGEMENT

102.     Defendants incorporate their responses to the allegations set forth in Paragraphs 1 through 101 as if fully rewritten here.

103.     Denied.

104.  Denied.

## COUNT 3 – FEDERAL COMMON LAW TRADEMARK INFRINGEMENT

105.  Defendants incorporate their responses to the allegations set forth in Paragraphs 1 through 104 as if fully rewritten here.

106.  Denied.

107.  Denied.

## COUNT 4 – FEDERAL STATUTORY DILUTION

108.  Defendants incorporate their responses to the allegations set forth in Paragraphs 1 through 107 as if fully rewritten here.

109.  Denied.

110.  Denied.

## COUNT 5 – FEDERAL STATUTORY UNFAIR COMPETITION

111.  Defendants incorporate their responses to the allegations set forth in Paragraphs 1 through 110 as if fully rewritten here.

112.  Denied.

113.  Denied.

## COUNT 6 – STATE STATUTORY TRADEMARK INFRINGEMENT

114.  Defendants incorporate their responses to the allegations set forth in Paragraphs 1 through 113 as if fully rewritten here.

115.  Denied.

116.  Denied.

117.  Denied.

**COUNT 7 – STATE COMMON LAW TRADEMARK INFRINGEMENT**

118.      Defendants incorporate their responses to the allegations set forth in Paragraphs 1 through 117 as if fully rewritten here.

119.      Denied.

120.      Denied.

121.      Denied.

**COUNT 8 – STATE COMMON LAW DILUTION**

122.      Defendants incorporate their responses to the allegations set forth in Paragraphs 1 through 121 as if fully rewritten here.

123.      Denied.

124.      Denied.

125.      Denied.

**COUNT 9 – UNFAIR COMMON LAW COMPETITION**

126.      Defendants incorporate their responses to the allegations set forth in Paragraphs 1 through 125 as if fully rewritten here.

127.      Denied.

128.      Denied.

129.      Denied.

**COUNT 10 – STATE COMMON LAW UNJUST ENRICHMENT**

130.      Defendants incorporate their responses to the allegations set forth in Paragraphs 1 through 129 as if fully rewritten here.

131.      Denied.

132.      Denied.

## COUNT 11 – STATE STATUTORY DECEPTIVE AND UNFAIR TRADE PRACTICES

133.    Defendants incorporate their responses to the allegations set forth in Paragraphs 1 through 132 as if fully rewritten here.

134.    Denied.

135.    Denied.

136.    Denied.

## COUNT 12 – STATE STATUTORY IDENTITY FRAUD

137.    Defendants incorporate their responses to the allegations set forth in Paragraphs 1 through 136 as if fully rewritten here.

138.    Denied.

139.    Denied.

140.    Denied.

## COUNT 13 – STATE COMMON LAW IMPERSONATION

141.    Defendants incorporate their responses to the allegations set forth in Paragraphs 1 through 140 as if fully rewritten here.

142.    Denied.

143.    Denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### ESTOPPEL, LACHES AND UNCLEAN HANDS

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, the doctrine of estoppel, the doctrine of unclean hands and other equitable defenses.

-12-

## SECOND AFFIRMATIVE DEFENSE

## WAIVER/ACQUIESCENCE

The purported claims alleged in the complaint are barred, in whole or in part, because plaintiff, by its acts, omissions and delay, and those of its agents, waived or acquiesced to any claims or causes of action against defendants including but not limited to the settlement agreement attached hereto as Exhibit 1.

## THIRD AFFIRMATIVE DEFENSE

## *RES JUDICATA*/COLLATERAL ESTOPPEL/ISSUE PRECLUSION/

## CLAIM PRECLUSION

The purported claims alleged in the complaint are barred, in whole or in part, by the doctrines of *res judicata*, collateral estoppel, issue preclusion and/or claim preclusion based upon the dismissal *with prejudice* attached hereto as Exhibit 3 and the settlement agreement attached hereto as Exhibit 1.

## FOURTH AFFIRMATIVE DEFENSE

## STATUTE OF LIMITATIONS

The purported claims alleged in the complaint are barred, in whole or in part, by the applicable statute of limitations.

## RESERVATION OF ADDITIONAL DEFENSES

Defendants reserve all affirmative defenses available under Rule 8(c) and Rule 12 of the Federal Rules of Civil Procedure, and any other defense, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case, or that may be asserted by plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Defendants request entry of judgment in their favor and against plaintiff as follows:

a.   Denying all relief sought by plaintiff in the Complaint;

b.   Declaring the action to be exceptional and awarding defendants their attorneys' fees pursuant to 15 U.S.C. § 1117 or other related law;

c.   Declaring defendants the prevailing parties and awarding defendants their attorneys' fees pursuant to the settlement agreement attached hereto as Exhibit 1; and,

d.   Award defendants their costs; and,

e.   Such other relief as the Court deems just and appropriate.

## JURY DEMAND

Defendants demand trial by jury of all issues so triable.

Dated: February 9, 2015                         GRAY LAW FIRM

Gordon E. Gray III (SBN 175209)
4401 N. Atlantic Ave.
Long Beach, CA 90807
Tel: (562) 984-2020
Email: geg@grayiplaw.com
Attorney for Defendants
**Antoinette and Gloria Galvan**

**PROOF OF SERVICE**

I hereby certify that on this date, February 9, 2015, a copy of the foregoing:

**ANSWER**

was served electronically and/or via first-class U.S. mail, postage prepaid, upon the parties as indicated below.

John M. Stryker, Esq.
Stryker Law Ltd.
20006 Detroit Road, Suite 310
Rocky River, Ohio 44116
Attorney for Plaintiff

Executed on February 9, 2015, at Long Beach, California.

Gordon E. Gray III