IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TSDC, LLC** | ) | CASE NO. 1:14-CV-02699-DCN |
| | ) | |
| Plaintiff | ) | Judge Donald C. Nugent |
| | ) | |
| v. | ) | |
| | ) | |
| **Antoinette Galvan, et al** | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| **Defendants** | ) | |

This matter is before the Court on the Motion of Defendants, Ann (Antoinette) and Gloria Galvan ("Defendants") for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). (ECF #10). For the reasons set forth below, Defendants' Motion is denied.

### PROCEDURAL BACKGROUND

Plaintiff TSDC, LLC ("TSDC") filed a Complaint on December 10, 2014 against Defendants seeking Injunctive Relief, Damages, Pre and Post-Judgment Interest and Attorneys Fees. TSDC is a limited liability company organized under the laws of the State of Ohio. Plaintiff owns and operates the "Fight Like a Girl organization" which "centers around supporting women battling cancer and other life-altering illnesses through an online support forum and blog, fundraising services, a non-profit foundation, and a Fight Like a Girl branded product line"of merchandise. (Complaint, ¶4.) Defendants own and operate a limited liability company based in California that conducts online sales of merchandise and does business in the State of Ohio. (Complaint, ¶7).

TSDC asserts that Defendants use "multiple websites and social media accounts to

market, advertise, and promote the sale of an infringing line of apparel, jewelry, and other products bearing Plaintiff's FIGHT LIKE A GIRL trademarks." (Complaint, ¶9). TSDC's Complaint alleges thirteen Counts including Breach of Contract, Federal Statutory and Federal Common Law Trademark Infringement, Federal Statutory Dilution, Federal Statutory Unfair Competition, State Statutory Trademark Infringement, State Common Law Trademark Infringement, State Common Law Dilution, Unfair Common Law Competition, State Common Law Unjust Enrichment, State Statutory Deceptive and Unfair Trade Practices, State Statutory Identify Fraud and State Common Law Impersonation.

The parties were involved in a previous lawsuit before this Court (1:10CV2057) that resulted in a Settlement Agreement that was executed on March 4, 2011. That case was dismissed with prejudice on March 29, 2011.

## STANDARD OF REVIEW

Review of a motion brought pursuant to Rule 12(c) for judgment on the pleadings is nearly identical to that employed under a Rule 12(b)(6) motion to dismiss for failure to state a claim. *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir.2001); *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir.1998). A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

## DISCUSSION

Defendants argue that TSDC's Complaint is barred by the doctrine of res judicata, and if not barred by that doctrine, the conduct complained of by TSDC has either been released or expressly permitted by the Settlement Agreement executed in the earlier case. Defendants then argue that TSDC's Complaint fails to state a claim for federal or state dilution of their trademark.(ECF #10).

Defendants' first argue that the legal issues before this Court are barred by the doctrine of res judicata in light of the previously settled and dismissed lawsuit. Defendants argue that

TSDC's Complaint "fails to specifically allege the existence of infringing designs online <u>after</u> the effective date of the settlement." (ECF #10, page 7).

TSDC's Complaint does in fact recite historical events and actions that occurred prior to the signing of the Settlement Agreement in support of its current Breach of Contract Claim. However, the Complaint also clearly sets forth allegations and causes of action that are alleged to have occurred <u>after</u> the date of the settlement agreement. Paragraphs 59-81 of Plaintiff's Complaint detail numerous allegations of trademark infringement by Defendants alleged to have occurred after the settlement agreement was executed.

It is well-settled that a claim is not barred by res judicata if its cause of action arises "from entirely separate and discrete events and wrongful acts by the Defendants." *Rawe v. Liberty Mutual Fire Ins. Co.*, 462 F.3d 529 (6th Cir. 2006). As stated above, Plaintiff's Complaint alleges causes of action against the Defendants from activities that occurred after the case was settled and dismissed. Furthermore, "where there are well-plead factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Twombly*, 127 S.Ct at 1950. Clearly, Plaintiff has asserted claims against Defendants that post-date the Settlement Agreement. Therefore, Defendants Motion fails on this issue.

Defendants then argue that the Complaint should be dismissed because Defendants "conduct has either been released or expressly permitted by the terms of the 2011 settlement agreement and/or the dismissal of the prior complaint with prejudice." (ECF #10 at page 2).

Defendants quote language found in Section 16 of the Settlement Agreement which states in part:

> "Mutual Release. (The parties)...hereby release and forever discharge one another...from any and all claims...<u>up to and including</u> the Effective Date of this Settlement Agreement..."

Defendants interpret this language to mean that "the settlement agreement releases [Defendants] from liability for use of [Plaintiff's] designs *as of* the effective date..."(ECF #10 at page 7, emphasis added). This argument implies that Defendants believe they are released from any <u>future</u> claims of infringement, which TSDC indicates was not the intent of the agreement. (ECF #14 at page 10). While it is clear that the Settlement Agreement sets forth some parameters for the parties going forward, TSDC's Complaint adequately sets forth allegations relating to alleged violations of other portions of the Agreement. The issue of whether Defendants violated those terms remains a question of fact that should be addressed through the discovery process. Therefore, TSDC's Complaint sets forth sufficient facts to show there is a plausible claim for relief and Defendants' motion in this regard is denied.

Defendants also claim that TSDC's Complaint fails to state a claim for federal or state dilution of its trademarks. (ECF #10 at page 9). TSDC's Complaint sets forth pages of factual allegations to support its claims in Counts 4 and 8 that Defendants' actions diluted its trademark. (EDF #1 at ¶s 61-88). One example is the allegation that "after nine months of adhering to this agreement" Defendants posted over 200 comments on its Facebook page which Plaintiff alleges violates the Agreement. (ECF #1 at ¶ 63).

In addition, the Complaint also specifically alleges that the acts of Defendants constitute dilution in violation of the Federal Trademark Act, 15 U.S.C. Sec. 112(c) and state common law (ECF #1 at ¶s 109 and 123). Defendants contend that Plaintiff did not assert all essential elements for a claim of dilution and that "TSDC's failure to plead the existence of 'fame' is

dispositive on the issue." (ECF #17 at page 6, referring to *Reed v. Elsevier, Inc v. TheLaw.Net Corp.*, 269 F.Supp2d 942 (S.D. Ohio 2003).)

Defendants' argument in this regard is unpersuasive. In fact, the *Reed* court did not rule upon the adequacy or technicalities of Plaintiff's pleadings, but rather focused on the merits of the claims. *Id* at 947. That Court went on to find that "[h]aving adequately plead facts supporting dilution claims, at least in theory, the Plaintiffs deserve an opportunity to support their claims with additional facts procured through the discovery process." *Id* at 953. TSDC's Complaint need not quote specific language from the Federal Trademark Act in order to survive Defendants' motion for judgment on the pleadings. Moreover, the factual allegations in TSDC's Complaint are sufficient to support all elements of the dilution claims.

Defendants' Reply Brief raises additional arguments, for the first time, that TSDC has failed to allege specific facts to support its claims of breach of contract, trademark infringement and unfair competition. However, most of Defendants' support for these arguments concern its claims that TSDC is using pre-settlement actions as a basis for the Complaint. That argument has already been addressed. While the allegations in the Complaint are somewhat confusing and scattershot, they are sufficient at this time to survive dismissal under Rule12(c) or 12(b)(6).

Finally, both parties have discussed an alleged copyright infringement claim. However, TSDC's Complaint does not contain a count for Copyright Infringement, nor does it mention 17 U.S.C. Sec. 101 et seq., the legal basis for a copyright infringement claim. As such, a claim of copyright infringement is not before the Court.

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Judgment on the Pleadings (ECF #10) is denied.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: April 16, 2015