# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **TSDC, LLC** | **CASE NO. 1:14-cv-02699-CAB** |
| **v.** | **JUDGE: DONALD C. NUGENT** |
| **Antoinette Galvan, et al** | **Plaintiff's Motion for Leave to Amend Its Complaint Against Defendants** |

Now comes Plaintiff, TSDC, LLC, by and through its authorized attorney, John M. Stryker, and moves this Honorable Court to grant leave pursuant to Fed. R. Civ. P. 15(a)(2), Agreed to Report of the Parties' Planning Meeting, and subsequent Order by this Court expanding the deadline to amend the pleadings.

Plaintiff and Defendant agreed upon a date in which to allow amending the pleadings in their Planning Meeting Report. Settlement negotiations delayed Plaintiff's amendments to its complaint. Plaintiff, therefore, filed a consent motion to extend the deadline to amend until September 1, 2015. The Court granted that motion. Plaintiff now wishes to amend its complaint.

Plaintiff has made the following changes to its complaint:

Removed COUNT 4 – FEDERAL STATUTORY DILUTION,

Removed COUNT 8 – STATE COMMON LAW DILUTION,

Added COUNT 12 – FEDERAL COPYRIGHT INFRINGEMENT,

Added COUNT 13 – FEDERAL COPYRIGHT INFRINGEMENT,

Added COUNT 14 – FEDERAL COPYRIGHT INFRINGEMENT,

Added COUNT 15 – FEDERAL COPYRIGHT INFRINGEMENT

Added COUNT 16 – FEDERAL COPYRIGHT INFRINGEMENT, and

Adjusted its pray to reflect the changes.

Plaintiff's amended motion is attached and incorporated to this motion by reference.

Respectfully Submitted,

_____
John M. Stryker (0088821)
Stryker Law ltd
20006 Detroit Road, Suite 310
Rocky River, Ohio  44116
216-338-2295
216-777-2064 – fax
john@strykerlaw.com

Certificate of Service

It is hereby certified that a copy of the foregoing **Plaintiff's Motion for Leave to Amend Its Complaint Against Defendants** has been delivered on this 26th day of August, 2015 by the Court's efile system to Gordon Gray to his email address registered therein.

Respectfully Submitted,

_____
John M. Stryker (0088821)
Stryker Law ltd

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TSDC, LLC**
      **An Ohio limited liability company,**
      **Plaintiff**

**CASE NO. 1:14-cv-02699-CAB**

**v.**

**Antoinette Galvan, et al.**
      **Defendants**

**JUDGE: DONALD C. NUGENT**

## AMENDED COMPLAINT WITH JURY DEMAND

Plaintiff TSDC, LLC, appearing through undersigned counsel, states as follows:

## NATURE OF COMPLAINT

1.  This is an action for breach of contract, federal infringement of trademarks outside the scope, intent, and spirit of the contract, federal common law trademark infringement outside the scope, intent, and scope of the contract, federal unfair competition, infringement of trademarks outside the scope, intent, and spirit of the contract under state law, federal copyright infringement, unfair competition under state law, unjust enrichment, deceptive and unfair trade practices under Ohio law, fraud, and impersonation for the purpose of inflicting injury.

2.  TSDC LLC brings this action to secure relief under Federal and Ohio state law. TSDC seeks: (a) the termination of the parties' settlement agreement due to incurable material breaches by Defendants, or in the alternative, a determination that the parties'

settlement agreement is unenforceable due to public policy against litigants signing settlement agreements in bad faith merely to continue their behaviors before the ink has dried on their signatures, or in the alternative, a determination that the parties' settlement agreement is void due to Plaintiff duress (b) a temporary, preliminary, and permanent injunction prohibiting Defendants from any further infringement of TSDC's trademarks and copyrights (c) an order requiring the transfer of any domain names incorporating TSDC's marks which are owned or controlled by Defendants (d) money damages, attorneys' fees and costs for Defendants' past and continuing infringement of TSDC's marks outside the scope of the settlement agreement and for willful breach of the parties' contract.

## THE PARTIES

3.    TSDC, LLC (hereinafter referred to as "TSDC") is a limited liability company, organized under the laws of the State of Ohio, and having a business address at 26583 Center Ridge Road, Westlake, Ohio 44145.

4.    TSDC owns and operates the Fight Like a Girl organization which centers around supporting women battling cancer and other life-altering illnesses through an online support forum and blog, fundraising services, a non-profit foundation, and a Fight Like a Girl branded product line which consists of apparel, jewelry, and other products associated with cancer and disease awareness and support. The Fight Like a Girl product line is offered for retail sale to the public via the internet and for wholesale sale to brick-and-mortar retailers and gift shops across the United States and Canada. The Fight Like a Girl Club is 100% funded by the Fight Like a Girl product line.

5.    The Fight Like a Girl organization is comprised of the Fight Like a Girl Club, Fight Like a Girl Official Gear, Fight Like a Girl Fundraising, Fight Like a Girl Wholesale, the Fight Like a Girl Foundation, and the forthcoming Fight Like a Girl Magazine.

6.    On information and belief, Ann (Antoinette) Galvan (hereinafter referred to as "A. GALVAN") is a resident of the State of California and does business in the State of Ohio.

7.    On information and belief, Gloria Galvan (hereinafter referred to as "G. GALVAN") is a resident of the State of California and does business in the State of Ohio.

8.    A Galvan and G. Galvan operate a limited liability company, Hope Inspired Creations LLC, organized in the State of California.  It is believed to not have any involvement in the activities alleged herein, however, would be joined as a defendant should discovery show it does.

9.    Defendants use multiple websites and social media accounts to market, advertise, and promote the sale of an infringing line of apparel, jewelry, and other products bearing Plaintiff's FIGHT LIKE A GIRL trademarks.

10.   On information and belief, Defendants have transacted and continues to transact sales in the State of Ohio and have established and ongoing contractual relationships with at least two business entities incorporated in the State of Ohio.

**JURISDICTION AND VENUE**

11.   This Court has federal question subject matter jurisdiction under 15 U.S.C. §1121, 17 U.S.C. §101 and 28 U.S.C. §1338, and supplemental jurisdiction over the state statutory law and common law claims under 28 U.S.C. §§1338(b) and 1367.

12. Venue is proper in this Court under 28 U.S.C. §§1391 (b)(2), as substantial parts of events giving rise to this action arose in this district and a substantial part of property that is the subject of this action is situated; and 28 U.S.C. §1391(c) as presumed corporate Defendants are subject to personal jurisdiction in this district and are, therefore, deemed to reside in this district.

13. The matter in this controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Accordingly, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(3).

14. Further, this court has jurisdiction stipulated to by the parties, reduced to writing in an agreement that specifically states that any claims or controversies between the two parties be heard by this honorable court.

## TSDC AND ITS MARKS

15. TSDC LLC was formed under the laws of the State of Ohio on April 1, 2010.

16. On April 23, 2010, TSDC applied to register the mark FIGHT LIKE A GIRL CLUB CLAIM YOUR POWER under International Class 045. This mark registered on November 12, 2013 (registration # 4430708). A true and correct copy of this registration is attached as Exhibit A.

17. On July 12, 2010, TSDC applied to register the mark FIGHT LIKE A GIRL CLUB under International Classes 014, 025, and 045 (serial # 85082681). This mark registered on June 10, 2014 (registration # 4545910). A true and correct copy of this registration is attached as Exhibit B.

18. On August 4, 2011, TSDC applied to register the mark FIGHT LIKE A GIRL FOUNDATION under International Class 036 (serial # 85389284). This mark registered on July 8, 2014 (registration # 4564525). A true and correct copy of this registration is attached as Exhibit C.

19. On December 2, 2011, TSDC applied to register the mark FIGHT LIKE A GIRL MAGAZINE under International Class 016 (serial # 85486008). This mark cleared to register on October 8, 2013, and is currently pending a Statement of Use filing. A true and correct copy of the NOA is attached as Exhibit D.

20. On September 10, 2014, TSDC applied to register the mark FIGHT LIKE A GIRL under International Class 025 (serial # 86391464). This mark is currently pending. A true and correct copy of this application is attached as Exhibit E.

21. Although superfluous due to the Unity of Control doctrine, as a formality and to simplify legal matters, on September 27, 2011, Sandy Ellis, as sole proprietor of Awareness Gift Boutique and TSDC's principal and sole decision maker at the time, assigned her common law rights to the FIGHT LIKE A GIRL mark, of which she had owned as a sole proprietor since at least as early as December 2006, to TSDC LLC effective April 1, 2010 (the date of TSDC's formation).

22. FIGHT LIKE A GIRL CLUB CLAIM YOUR POWER, FIGHT LIKE A GIRL CLUB, FIGHT LIKE A GIRL FOUNDATION, and FIGHT LIKE A GIRL MAGAZINE were not included in the assignment because they were never owned by Ellis as a sole proprietor. Indeed none of these four marks existed until after TSDC's formation. Accordingly, TSDC LLC is and always has been the owner of FIGHT LIKE A GIRL

CLUB CLAIM YOUR POWER, FIGHT LIKE A GIRL CLUB, FIGHT LIKE A GIRL FOUNDATION, and FIGHT LIKE A GIRL MAGAZINE.

23. Pursuant to the assignment described in Paragraph 22, TSDC owns common law trademark rights to the mark FIGHT LIKE A GIRL since at least as early as May 12, 2007 with a first use anywhere date of at least as early as December 1, 2006.

| MARK | REG/SERIAL NO. | ISSUE DATE |
|---|---|---|
| FIGHT LIKE A GIRL CLUB CLAIM YOUR POWER | 4,430,708 | November 12, 2013 |
| FIGHT LIKE A GIRL CLUB | 4,545,910 | June 10, 2014 |
| FIGHT LIKE A GIRL FOUNDATION | 4,564,525 | July 8, 2014 |
| FIGHT LIKE A GIRL MAGAZINE | 85486008 | Cleared to Register |
| FIGHT LIKE A GIRL | 86391464 | Pending |

24. Copies of these registrations and pending applications are attached to the Complaint as Exhibits A, B, C, D, and E and are incorporated herein by reference. The registrations and pending marks identified above are valid and subsisting.

25. Pursuant to the Lanham Act, TSDC's registrations identified above constitute prima facie evidence of: (a) the validity of its FIGHT LIKE A GIRL marks and of the registration of those marks; (b) TSDC's ownership of the marks; and (c) TSDC's exclusive right to use the marks on or in connection with the goods and services stated in the registrations. 15 U.S.C. §§ 1057(b) and 1115(a). In addition, TSDC's registrations constitute constructive notice of TSDC's claim of ownership of its FIGHT LIKE A GIRL marks. See 15 U.S.C. § 1072.

**<u>TSDC: USE AND PROTECTION OF ITS FAMILY OF MARKS</u>**

26. Plaintiff TSDC is engaged in the business, inter alia, of designing, manufacturing, and selling clothing, jewelry and other items associated with cancer and disease awareness, and providing services for organizing and providing online support groups for those who suffer or are affected by ailments and life-threatening diseases.

27. On or about December, 2006, TSDC published its first t-shirt incorporating the phrase Fight Like a Girl in a martial arts theme.

28. On or about May 12, 2007, TSDC released the FIGHT LIKE A GIRL collection which consisted of a line of t-shirts and other products bearing artwork and graphics that incorporated the phrase Fight Like a Girl. This collection offered a mixture of martial arts designs and breast cancer awareness and support designs and was available at www.blackbeltstuff.com.

29. On or about June 16, 2008, TSDC expanded its FIGHT LIKE A GIRL collection to the Awareness Gift Boutique gift shop at www.awarenessgiftboutique.com. This collection consisted entirely of breast cancer awareness and support apparel and products.

30. On or about February 2009, TSDC launched Fight Like a Girl Fundraising which enabled teams and groups to purchase products from the FIGHT LIKE A GIRL Collection at bulk pricing then resell at retail to earn funds for their charity or cause.

31. On or about October 17, 2009, TSDC registered the domain name www.fightlikeagirltshirts.com to host its FIGHT LIKE A GIRL collection.

32. On or about October 17, 2009, TSDC launched fightlikeagirltshirts.wordpress.com to spotlight selected products from its FIGHT LIKE A GIRL collection, and on the same

date posted its first 3 publications featuring selected t-shirts from its FIGHT LIKE A GIRL collection.

33.    On or about December 2009, TSDC retained an attorney to assist in challenging a trademark application for a FIGHT LIKE A GIRL mark filed under International Class 025 for hats, shirts, and shorts (serial # 77739012). Application was ultimately abandoned.

34.    On or about March 2010, TSDC contracted with GoDaddy.com to build the Fight Like a Girl Club website in order to expand its Fight Like a Girl endeavors to provide support services.

35.    On or about April 15, 2010, TSDC registered the domain names:

- www.thefightlikeagirlclub.com

- www.thefightlikeagirlclub.net

- www.thefightlikeagirlclub.org

- www.thefightlikeagirlclub.info

- www.fightlikeagirlclub.net

- www.fightlikeagirlclub.org

- www.fightlikeagirlclub.info

36.    On or about April 23, 2010, TSDC filed an application to register the mark FIGHT LIKE A GIRL CLUB CLAIM YOUR POWER for International Class 045 for "organizing and providing an on-line support group for those who suffer or are affected by ailments and life-threatening diseases". This mark registered on November 12, 2013 (registration # 4430708).

37. On or about May 12, 2010, TSDC launched the Fight Like a Girl Club website under the www.fightlikeagirlclub.net domain. The website offered support services, expanded Fight Like a Girl fundraising services, Fight Like a Girl Power Story section, Fight Like a Girl Club Claim Your Power logo t-shirts, and a link to the Fight Like a Girl collection at Awareness Gift Boutique.

38. On or about May 2010, TSDC expanded the Fight Like a Girl Club to Twitter (www.twitter.com/FightLikeaGirlC).

39. On or about June 4, 2010, TSDC expanded the Fight Like a Girl Club to Facebook (www.facebook.com/fightlikeagirlclub).

40. On or about July 12, 2010, TSDC filed an application to register the mark FIGHT LIKE A GIRL CLUB under International Classes 14 for "jewelry", International Class 025 for "clothing, namely, t-shirts, sweatshirts, tank tops, golf shirts, pants, shorts, ties, sleepwear, hats, jackets", and International Class 045 for "organizing and providing an on-line support group for those who suffer or are affected by ailments and life-threatening diseases". This mark registered on June 10, 2014 (registration # 4545910).

41. On or about November 15, 2010, TSDC filed a Trademark Trial and Appeal Board trademark opposition against Beyond the Box Inc for the mark FIGHT LIKE A CAROLINA GIRL (serial # 77900545).

42. On or about December 7, 2010, TSDC filed a federal lawsuit against Defendants for multiple claims including trademark infringement of its FIGHT LIKE A GIRL marks and copyright infringement.

43. On or about June 10, 2011, TSDC entered into Trademark Trial and Appeal Board opposition proceedings with Sigler Companies for multiple FIGHT LIKE A GIRL marks.

44. On or about August 4, 2011, TSDC filed an application to register the mark FIGHT LIKE A GIRL FOUNDATION under International Class 036 for "charitable fundraising services". This mark registered on July 8, 2014 (registration # 4564525).

45. On or about November 11, 2011, TSDC filed a federal lawsuit against Beyond the Box Inc in the United States District Court for the Middle District of North Carolina to review the decision of the Trademark Trial and Appeal Board in the opposition proceedings referenced in paragraph 7 herein.

46. On or about December 2, 2011, TSDC filed an application to register the mark FIGHT LIKE A GIRL MAGAZINE under International Class 016 for a "periodic publication, namely, a magazine providing articles, information, and stories designed for persons with cancer and other diseases" (serial # 85486008). This mark has been cleared to register and is currently pending submission by Plaintiff of its Statement of Use.

47. On or about September 13, 2012, TSDC founded and launched the FIGHT LIKE A GIRL FOUNDATION, a non-profit organization with a multi-faceted mission of (a) financially and emotionally assisting families experiencing difficulties due to a serious medical diagnosis, (b) funding medical research (c) fulfilling last wishes of individuals who have been given less than one year to live.

48. On or about September 10, 2014, TSDC filed an application to register the mark FIGHT LIKE A GIRL under International Class 025 for "athletic shirts; caps; golf shirts;

graphic t-shirts; hooded sweatshirts; long-sleeved shirts; polo shirts; shirts; short-sleeved shirts; sport shirts; sports caps and hats; sweatpants; sweatshirts; tank tops".

## DEFENDANTS' INFRINGEMENT AND BAD FAITH PRIOR TO SETTLEMENT

49.     The bad faith behavior of Defendants is a central element of Plaintiff's complaint in that it encapsulates each and every claim contained herein. In order for the court to fully apprehend Plaintiff's grievances, it is critical to reveal at least a summary of the nearly seven year pattern of bad faith that gives rise to the instant lawsuit, illuminates Plaintiff's claims, and exposes Defendants' utter disregard of the law.

50.     The entire dispute between Plaintiff and Defendants, which commenced in 2008, began when Plaintiff added a leukemia category to its online awareness gift shop. Defendants seemed to have had an erroneous belief that they had exclusive rights to leukemia products as it is that incident that clearly defines the beginning of Defendants' incessant copying and mimicking of Plaintiff's graphic designs, marketing methods, and business strategy and operations. Because of the nature of Plaintiff's business, with the exception of a small number of infringement notices submitted to print-on-demand company CafePress to have Defendants' infringing designs removed from its marketplace, Plaintiff tolerated Defendants' harassment from February, 2008 to August, 2010.

51.     Defendants' blatant and almost immediate infringement of Plaintiff's newly founded FIGHT LIKE A GIRL CLUB in 2010 was the "last straw". The events that ensued from this 2010 trademark infringement produced the settlement agreement that is the subject of this complaint thus the following summary of Defendants' ominous conduct will begin with their infringement of Plaintiff's FIGHT LIKE A GIRL marks.

    a)   Fight Like a Girl Wordpress Blog

11

- On or about October 17, 2009, Plaintiff created and published FIGHTLIKEAGIRLTSHIRTS.WORDPRESS.COM, a Fight Like a Girl blog to spotlight selected products from Plaintiff's Fight Like a Girl line (hereinafter referred to as "Wordpress blog").

- On or about May 26, 2010, Plaintiff noted, through statistical web tracking documentation, Defendants accessing its Wordpress blog.

- On May 27, 2010, and only one day after Defendants viewed Plaintiff's Wordpress blog, Defendants created and published FIGHTLIKEAGIRLSHIRTSFORCANCER.WORDPRESS.COM

- On June 21, 2010, Defendants created an additional blog FIGHTLIKEAGIRLSHIRTS.BLOGSPOT.COM.

b) Fight Like a Girl domain

- On or about October 17, 2009, Plaintiff registered the domain name FIGHTLIKEAGIRLTSHIRTS.COM.

- On or about November 24, 2009, Defendants registered the domain name FIGHTLIKEAGIRLCANCERSHIRTS.COM.

c) Fight Like a Girl Club domains

- On April 15, 2010, Plaintiff registered the domain names THEFIGHTLIKEAGIRLCLUB.COM

  FIGHTLIKEAGIRLCLUB.NET

  FIGHTLIKEAGIRLCLUB.ORG

- On or about June 22, 2010, Defendants registered the domain names FIGHTLIKEAGIRLCLIQUE.COM

FIGHTLIKEAGIRLCLIQUE.NET

FIGHTLIKEAGIRLCLIQUE.ORG

d) Fight Like a Girl Facebook page

- On or about June 16, 2010, Plaintiff published the first post on its newly activated "Fight Like a Girl Club" Facebook page.

- On or about June 22, 2010, Defendants launched their "Fight Like a Girl Clique" Facebook page and published their first post on same.

e) "Original" and "Official"

- On or about June 23, 2010, in light of Defendants' launch of its infringing Fight Like a Girl Facebook page, Plaintiff added the word "original" to the bio section of its Fight Like a Girl Club page (designating it as "the original Fight Like a Girl Club") in an attempt to inform fans and visitors that its page was the first Fight Like a Girl page.

- Within 24 hours and following Plaintiff's addition of the word "original" to its Facebook page, on or about June 23 or 24, 2010, Defendants added the word "official" to the bio section of their Fight Like a Girl Clique Facebook page (designating their site as the "Official Fight Like a Girl Clique").

f) Fight Like a Girl T-Shirt Giveaway

- On or about June 24, 2010, Plaintiff published its first "Fight Like a Girl T-Shirt Giveaway" to its Fight Like a Girl Club Facebook page.

- On or about June 27, 2010, Defendants published their first "Fight Like a Girl T-Shirt Giveaway" to its Fight Like a Girl Clique Facebook page.

g) Daily Quotes

- On or about June 26, 2010, Plaintiff published its first daily "Power Quote" to its Fight Like a Girl Club Facebook page.

- On or about July 1, 2010, Defendants published their first daily quote to their Fight Like a Girl Clique Facebook page.

h) Arrow

- On or about July 15, 2010, Plaintiff published a "Suggest to Friends" graphic on its Fight Like a Girl Club Facebook wall asking fans to click the link below and share the page with their Facebook friends. The graphic contained a large arrow pointing downward toward the "share" link.

- On or about July 18, 2010, Defendants published an exceptionally similar "Suggest to Friends" graphic on its Fight Like a Girl Clique Facebook wall asking its fans to click the link below and share the page with their Facebook friends. The graphic contained a large arrow pointing downward toward the "share" link.

i) Official Quote / Motto

- On or about August 16, 2010, Plaintiff introduced the "Official Fight Like a Girl Club Quote" on its website.

- On or about August 17, 2010, Defendants introduced the "Fight Like a Girl Clique Motto" on their Facebook page.

j) On August 27, 2010, Plaintiff submitted a takedown notice to Facebook to have Defendants' infringing Fight Like a Girl Clique Facebook page removed. The following day on August 28, 2010, Facebook removed the page. Within 24 hours, Defendants created another identical Facebook page entitled Fight Like a Girl Advocates. Plaintiff subsequently had that page removed as well.

k) On or about September 13, 2010, Defendants submitted a completely meritless takedown notice to Facebook to have Plaintiff's Facebook page removed in obvious retaliation of Plaintiff's takedown of Defendants' pages. Defendants' takedown notice to Facebook appeared to be literally copied and pasted from the takedown request that Plaintiff had previously submitted to Facebook to have Defendants' infringing pages removed. It is important to note that Defendants swore under penalty of perjury that they had a good faith belief that Plaintiff's page was infringing their trademark rights although during the entire pendency of the parties' FIGHT LIKE A GIRL infringement dispute, Defendants never claimed priority.

l) On information and belief, Defendants gave their counsel a pseudo name of Ann Martel for Ann Galvan and a completely fictitious name of Julie Elissa as a third person affiliated with their business. This dishonesty resulted in Plaintiff filing its lawsuit against an incorrect defendant as well as a defendant that doesn't exist. Plaintiff learned the truth about Defendants' actual names from their attorney after the complaint was served.

m) On information and belief, on or about February 10, 2011, Defendants filed a Motion to Dismiss Plaintiff's lawsuit for improper jurisdiction. Both Defendants, A Galvan and G Galvan, signed and swore under penalty of perjury that they had no connections to Ohio. Within hours, they began deleting thousands of their products from Skreened, a print-on-demand company based in Ohio that they had been doing business with for years. The date of these deletions, which is the same day that Defendants signed the Declarations for the Motion, will be subpoenaed from Skreened during Discovery. Interestingly, Defendants' counsel at the time withdrew representation shortly after Plaintiff's counsel informed her of Defendants' crime.

n) On information and belief, one of Defendants placed a telephone call to Sigler Companies based out of Ames, Iowa, and identified herself as TSDC's principal, Sandy Ellis. Defendant, under the guise of being Ms Ellis, proceeded to curse and threaten the Sigler employee, Glenda Elliott, that if its Signify Pink division did not stop printing the Fight Like a Girl phrase on t-shirts, it would be sued. According to plan, Sigler Companies, who had not been heard of since Plaintiff's applications were filed nearly a year prior, appeared "out of the blue" and promptly filed oppositions against Plaintiff's Fight Like a Girl trademark applications. These filings marked the beginning of a two year court battle. Signify Pink's sales manager ultimately began working for Plaintiff which is how Plaintiff learned of the telephone call that

instigated Sigler's actions. The sales manager was present when the call came in.

o) In connection with the felony described in paragraph 50(n), Plaintiff has filed a criminal complaint against Defendants with the Westlake Ohio Police Department. The complaint is pending review by the Westlake, Ohio prosecuting attorney's office.

## THE SETTLEMENT AGREEMENT

52. On March 4, 2011, the parties entered into a settlement agreement (the "agreement"). The agreement included four primary conditions that Defendants promised through their signatures to abide by. Defendants have breached every single one of them.

53. The crux of the agreement was that Defendants would be allowed to use the Fight Like a Girl phrase in a strictly ornamental or decorative fashion. This condition was emphasized in three separate instances within the agreement:

a) Section 5: "…GG is permitted to use the words FIGHT LIKE A GIRL on Facebook and other online forums and websites in connection with the promotion, offering, and sales of *GG Clothing and Merchandise* (emphasis added) that use the words FIGHT LIKE A GIRL in a purely ornamental and decorative fashion."

b) Section 8: "GG shall be permitted to use the word components FIGHT LIKE A GIRL in an ornamental and decorative fashion on clothing and merchandise…related to cancer and disease awareness or any other purpose but not as a trademark or service mark to indicate source or origin of goods."

c) Section 8: "GG shall be permitted to use the word components FIGHT LIKE A GIRL…in connection with its FIGHT LIKE A GIRL CANCER SHIRTS AND GIFTS Facebook page…and any other website or domain name registration in connection with the promotion, offering, and sale of *GG Clothing and Merchandise* (emphasis added)…"

54. Additionally, the agreement was exceptionally clear that Defendants were not to use Plaintiff's FIGHT LIKE A GIRL marks in connection with online forums or support groups. This prohibition was stated in two separate sections of the agreement:

   a) Section 5: "GG shall not create, purchase, register, publish, and/or operate any Facebook page containing the words components "FIGHT LIKE A GIRL" in connection with the provision of services related to on-line forums and support groups related to ailments and life-threatening diseases including but not limited to cancer."

   b) Section 6: "GG shall immediately cease all use of the designations "FIGHT LIKE A GIRL CLIQUE", "FIGHT LIKE A GIRL ADVOCATES" "FIGHT LIKE A GIRL CLIQUE ADVOCATES" and any designation including the "FIGHT LIKE A GIRL" component in connection with the provision of services related to on-line forums and support groups addressing ailments and life-threatening diseases including but not limited to cancer."

55. Aligned with the ornamental use stipulation, Defendants were allowed to keep their Fight Like a Girl Facebook page for the sole purpose of posting about their ornamentally decorated Fight Like a Girl products. As recited in paragraphs 52 and 53, the agreement stated explicitly that the page was not to be used for support services.

56. Finally, in an effort to end Defendants' now three year history of copying Plaintiff's graphic designs, section 13(a) prohibited Defendants from infringing on the copyrights of Plaintiff, whether related to Fight Like a Girl or not.

## DEFENDANTS' MATERIAL BREACH OF ENTIRE AGREEMENT

57. At the time of execution of the agreement and to this day, Plaintiff's understanding of the meaning of ornamental use is as defined by the USPTO: ….a decorative feature [that] does not identify and distinguish the applicant's goods... 1202.03 To Plaintiff, this definition entails either (1) a product in which the Fight Like a Girl phrase is part of, or incorporated into, a larger graphic design or artwork. In other words, it's simply one element among many with no additional significance given to the phrase or (2) if the phrase is the predominant part of the graphic design or artwork, a prominent, unmistakable source-identifier, other than Fight Like a Girl, would be present. Indeed both sections 5 and 8 of the agreement clearly state that Fight Like a Girl was to be used ornamentally on *GG Clothing and Merchandise* (emphasis added). Even this use is questionable due to possible co-branding confusion.

58. The settlement agreement required that Defendants immediately begin using the Fight Like a Girl phrase ornamentally. Any trademark use at the time of execution of the settlement agreement should have been terminated without delay.

59. Contrary to the promises made by Defendants to use the FIGHT LIKE A GIRL phrase ornamentally, they not only failed to use one of their many non-Fight Like a Girl trademarks to identify the source of their Fight Like a Girl products, but they deliberately and spitefully continued to use Plaintiff's FIGHT LIKE A GIRL trademark

as the source identifier knowing that Plaintiff was most likely not in a position to file a lawsuit at that time due to the expenditures of time and funds that the Sigler case was demanding.

60. Defendants' unscrupulous use of Fight Like a Girl as a trademark despite having signed a legal document promising to do the exact opposite is prima facie evidence of bad faith. Indeed any reasonable person having signed such a contract would take added measures to ensure that Fight Like a Girl could not be construed as a source identifier. Instead, Defendants not only use Fight Like a Girl as the source identifier but do so using the most unmistakable form of a source identifier that exists – a branded Fight Like a Girl logo. (see Exhibit F)

61. Defendants' breach of sections 5 and 8 of the agreement is not limited to an isolated instance of a branded Fight Like a Girl logo. Rather the breach is so extensive and preposterous that to a person not familiar with Defendants' lengthy history of bad faith, it would almost be unbelievable. Defendants' breach of their promise to use Fight Like a Girl in a strictly ornamental fashion is being committed in multiple forms as follows:

   a) This Fight Like a Girl branded logo discussed in paragraph 60 is not only placed in the top header area of Defendants' www.fightlikeagirlgiftshop.com website but is used in each and every one of its thousands of product descriptions (see Exhibit G) and as banners to encourage customers and website visitors to share their Fight Like a Girl line (see Exhibit H).

   b) Defendants took advantage of the terms of the settlement agreement by inundating the internet with their Fight Like a Girl products. Indeed at the time Plaintiff began mitigating its damages it was shocked to discover that they had

uploaded at least one million products to various online stores, some of which Plaintiff didn't even know existed, since the settlement agreement was executed. Interestingly, Plaintiff's staff had been monitoring Defendants' 'new arrivals' since execution of the settlement agreement at the online stores it was aware of and very seldom viewed any new Fight Like a Girl products by Defendants. On information and belief, the only explanation for Plaintiff's staff 'missing them' is that these products were 'hidden' from the marketplace by Defendants until they were many pages behind the new arrivals. Because various designers upload thousands of products every day, it would only take a few days for Defendants' new products to no longer appear in the first few pages of 'new arrivals'. They could then 'safely' unhide them leaving Plaintiff without knowledge of the massive number of Fight Like a Girl products they were injecting into the online market.

c)   Defendants regularly refer to their Fight Like a Girl products as their Fight Like a Girl *line* (emphasis added) and their Fight Like a Girl *collection* (emphasis added) (see Exhibit I).

d)   Defendants created and released a YouTube video of their Fight Like a Girl line which featured several of their Fight Like a Girl products (see Exhibit J). The video includes a link back to the website that displays their Fight Like a Girl branded logo and hosts their infringing Fight Like a girl products.

e)   On multiple occasions, Defendants have referred to products featuring one of their Fight Like a Girl designs as their "Signature Series", the identical name that

Plaintiff uses and has used for years to identify its logo-inspired Fight Like a Girl design. (See Exhibit K)

f) Characteristic of Defendants' vengeful history, *after* receiving notification from Plaintiff of their breach of the agreement, they candidly claimed ownership of the Fight Like a Girl slogan in a post to their Fight Like a Girl Facebook page stating "Looking for LOOSER fitting shirts with *our* (emphasis added) Fight Like a Girl decorative slogan?" (See Exhibit L).

g) On Defendants' Facebook page under the heading "Where can I buy Fight Like a Girl shirts?" Defendants once again claim ownership of Fight Like a Girl stating "I am posting my story so you know that the person behind the "Fight Like a Girl" slogan truly empathizes and understands your struggle….". (See Exhibit M)

62. Defendants' breach of the settlement agreement does not stop at using Plaintiff's trademark as the source of their Fight Like a Girl products. Both §§ 5 and 6 forbid Defendants from using Fight Like A Girl for support groups and online forums; specifically § 5 prohibits them from operating a Facebook page in connection with support services and § 6 expands that prohibition to "any designation including the Fight Like a Girl component".

63. Despite the plain language of the agreement, and after nine months of adhering to this agreement condition, in a span of one year, Defendants posted the following to their Fight Like a Girl Facebook page:

a) Eighteen personal cancer stories from fans with comments from other fans supporting and encouraging them, and

b) Four advice/tips posts *i.e.* reminder to get yearly checkup, 10 things to do when the going gets tough, tip to always take updated list of medications to doctor's appointments, advice on going back to work after cancer, and

c) One hundred fourteen inspirational quotes, and

d) Seventeen encouragement posts *e.g.* don't give up; keep fighting strong, we can do it; and you are not alone, and

e) Ten engagement posts *i.e.* asking their fans to share their personal stories, asking fans to share inspirational quotes, asking fans to support another fan, *etc.*, and

f) Eleven fan milestone posts *i.e.* photos of fans having their last chemo with lots of other fans commenting and congratulating them, and

g) Twenty two health information posts i.e. medical research news, cancer support helpline, cancer symptoms not to ignore, life after cancer guide, and

h) Seven video posts *i.e.* fans who survived cancer, fans who completed chemo, cancer patients and exercise.

64. In addition, on information and belief, Defendants operate or have operated since execution of the settlement agreement a Fight Like a Girl Instagram, Fight Like a Girl Google+, Fight Like a Girl Pinterest, Fight Like a Girl Squidoo, Fight Like a Girl Tumblr, Fight Like a Girl Indulgy, Fight Like a Girl Kaboodle, Fight Like a Girl Blogger, Fight Like a Girl YouTube, and Fight Like a Girl Wordpress Blog, nearly all of which include support functions.

65. Finally, Defendants complete their breach of the entire agreement by violating § 13(a) in which they agreed not to copy Plaintiff's copyrighted works. Since execution of the settlement agreement, Defendants have infringed on at least four of Plaintiff's graphic

and literary copyrights (see Exhibit N) and have continued to infringe on copyrights of designs that were on products that Plaintiff allowed to remain in their online stores as part of the settlement agreement. No part of the agreement released the actual copyrights to Defendants, nor did the agreement give them permission to create additional products with Plaintiff's copyrighted works yet they continued to use these designs freely on thousands of new products without the permission of Plaintiff. (See Exhibit O)

**PLAINTIFF'S MITIGATION OF DAMAGES AND NOTICE TO DEFENDANTS**

66. On or about April 1, 2014, Defendants uploaded thousands of products bearing a design that infringed on Plaintiff's U.S. Registered literary copyright # TX 7-327-130.

67. On or about April 8, 2014, Plaintiff submitted a takedown request to CafePress to have the infringing products referenced in paragraph 66 removed from its marketplace.

68. On or about April 10, 2014, Cafepress complied with Plaintiff's request and removed Defendants' infringing products from its marketplace.

69. It is during this same time period that Plaintiff became aware that Defendants had been uploading many more Fight Like a Girl products than it had previously been aware of.

70. Soon thereafter, Plaintiff began investigating the extent of Defendants' infringement of FIGHT LIKE A GIRL and its material breach of the settlement agreement.

71. While investigating Defendants' activities, two separate instances of actual confusion occurred in which a customer of Plaintiff's mistakenly confused Defendants' Fight Like a Girl use for the actual brand.

72. After determining, to the alarm of Plaintiff, that (1) Defendants had uploaded well over one million Fight Like a Girl products to various online print-on-demand companies,

many that Plaintiff had never heard of (2) Defendants had placed their Fight Like a Girl branded logo in each product description of their one million plus Fight Like a Girl products, and (3) Defendants were operating Fight Like a Girl support websites on platforms that Plaintiff was unaware of such as Google plus, Tumbler, and Instagram, Plaintiff immediately began submitting takedown notices to the various websites hosting the infringing material in an effort to begin mitigating its damages and eliminating confusion.

73.   On or about September 25, 2014, yet another instance of actual confusion occurred.

74.   Although released from its obligations of the settlement agreement due to material breach, Plaintiff chose to provide Defendants with a fourteen day notice before filing a lawsuit. Through its attorney, John M Stryker, in a letter mailed on October 2, 2014 to Defendants' attorney of record, Gordon Gray, Defendants were demanded to cease all use of Fight Light Like a Girl or a breach of contract lawsuit would be filed. As explained in the notice, Defendants' egregious conduct and willful disregard of every one of their promises deemed them completely untrustworthy to ever use Fight Like a Girl appropriately again.

75.   Defendants rejected Plaintiff's demand to cease using Fight Like a Girl and the instant lawsuit was filed on December 8, 2014.

**DEFENDANTS' CONTINUED BREACH AND INFRINGEMENT AFTER NOTICE**

76.   Defendants continued their infringement of Plaintiff's FIGHT LIKE A GIRL marks and breach of the agreement after receiving notification of their breach and impending

lawsuit. On their Facebook page alone, they posted the following in the weeks following receipt of the notice:

a) Five engagement with fans posts

b) Two health information posts

c) Six inspirational quotes

d) Two informational videos

e) A product post, as referenced in paragraph 61(f), claiming ownership of the Fight Like a Girl slogan by stating: "Looking for LOOSER fitting shirts with *our* (emphasis added) Fight Like a Girl decorative slogan?"

77. Although notified that they were in material breach of the contract and that a lawsuit was forthcoming, on information and belief, Defendants contacted various print-on-demand companies that had taken down or agreed to take down Defendants' infringing designs and used the breached settlement agreement as leverage for having their products reinstated. Although most of those companies have held to their decisions not to host Defendants' infringing Fight Like a Girl products based on Plaintiff informing them that the contract was null due to material breach, Zazzle and INKtastic decided that the revenue they are receiving from the infringing products is more important than ceasing to infringe the rights of the trademark owner. Thus, hundreds of thousands of Defendants' infringing FIGHT LIKE A GIRL products are presently being sold on these two websites.

**DEFENDANTS' TARNISHMENT OF PLAINTIFF'S MARKS**

78. In addition to infringing and diluting Plaintiff's FIGHT LIKE A GIRL marks, Defendants are also tarnishing Plaintiff's marks by selling their infringing Fight Like a Girl products in the same store as they sell thousands of "Fuck Cancer" products. To taint the situation even more, Defendants use children to model some of these offensive shirts. (See Exhibit P)

79. Additionally, on information and belief, Defendants operate an entire website named "Fuck Cancer T-Shirts" with a url of www.fuckcancertshirts.com in which the same "Fuck Cancer" products described in the preceding paragraph are sold collectively. This website includes the same copyright disclaimer used on its websites that host their infringing Fight Like a Girl products, allowing the possibility for online visitors to connect the Fuck Cancer website with Fight Like a Girl.

**DEFENDANTS' MATERIAL BREACH OF COVENANT OF GOOD FAITH**

80. On information and belief, Defendants' bad faith as it pertains to the settlement agreement began even before they promised to abide by it through their signatures. Other than refraining from posting regular support quotes to their Facebook page for nine months (which demonstrates that they are well aware of what *not* to do), they did not change one aspect of their use of Fight Like a Girl. Indeed they *intensified* their infringement by not only adding more Fight Like a Girl products than they had ever uploaded before but by creating new Fight Like a Girl products at virtually every print-on-demand company that exists. Despite the defendants' blitzkrieg approach to flooding the market with Fight Like A Girl knock-off products, they still somehow maintain they are not breaching the settlement agreement nor infringing upon

established intellectual property protected beyond the scope of said agreement. Their breaches and infringements are clear. On one of their many websites in which they sell Fight Like a Girl products they even boast about having the "largest collection of Fight Like a Girl shirts….." (See Exhibit Q)

81. On another one of their websites, they call their Fight Like a Girl products the *best*: "Shop the best Fight Like a Girl Shirts, Fight Like a Girl Apparel, Fight Like a Girl Tees, Fight Like a Girl T-Shirts, Fight Like a Girl Accessories, and unique Fight Like a Girl Gift Ideas." (See Exhibit R)

82. On Zazzle.com alone, Defendants' Fight Like a Girl products account for over twenty percent of their total number of awareness products. The next six most popular awareness phrases *combined* account for a mere two point six percent of their total awareness products.

83. Further, Defendants' Fight Like a Girl collection is the only slogan out of their hundreds of slogans that is displayed as its own category on the home page of each and every website in which they sell their Fight Like a Girl collection.

84. On information and belief, Defendants sell their infringing Fight Like a Girl products on, at least, the following websites:

www.fightlikeagirlgiftshop.com

www.shopfightlikeagirl.com

www.fightlikeagirldiseaseshirts.com

www.fightlikeagirlcancershirts.com

store.fightlikeagirlgiftshop.com

www.fightlikeagirlshirts.net

www.hopedreamsdesigns.com

www.cancerapparelgifts.com

www.gift4awareness.com

www.gopinkshirts.com

www.giftsforawareness.com

www.diseaseapparel.com

www.breastcancerapparel.net

www.awarenessribbonrevolution.com

www.awarenessribboncolors.com

www.coloncancershirts.com

www.lungcancershirts.com

www.endometriosistshirts.com

www.leukemiatshirts.com

www.leukemiashirts.com

www.thelymphomashop.com

www.thehodgeshop.com

www.lymphomaclub.com

www.lymphomashirts.com

www.ovariancancershirts.com

www.pancreaticcancershirts.com

www.melanomashirts.com

www.cancertshirtshop.com

www.shirts4cancer.com

www.shop4awareness.com

www.lupustshirts.com

www.stemcelltransplantshirts.com

www.bmtsctclub.com

85.   On information and belief, Defendants utilize the following websites to provide support

functions under the Fight Like a Girl mark to its online visitors through inspirational

quotes, cancer stories, encouragement and survivor videos, or tips and advice and to

market their infringing Fight Like a Girl products:

www.facebook.com/fightlikeagirltshirts

www.pinterest.com/fightgirlshirts

www.instagram.com/fightlikeagirlshirts

https://plus.google.com/+Fightlikeagirlgiftshop/

https://fightlikeagirlshirtsforcancer.wordpress.com/

http://fightlikeagirlshirts.blogspot.com/

http://fightlikeagirlshirts.tumblr.com/

www.squidoo.com/fightlikeagirlshirts (until Squidoo merged with Hub Pages)

86.   On information and belief, with the exception a single Fuck Cancer website, not one of

Defendants' vast number of slogans has its own website or social media account

dedicated to it yet Fight Like a Girl has no less than six entire websites created

exclusively to sell their Fight Like a Girl collection, at least eight social media accounts

that are specifically used to sell and market their infringing Fight Like a Girl products,

and at least twenty seven websites which sell their Fight Like a Girl products along with

other designs. Each of these twenty seven websites feature some type of Fight Like a

Girl category image or link on the home page that connects directly to their Fight Like a Girl collection although none of their other slogans receive a fraction, if any, of this amount of home page exposure.

87. Defendants want to argue that nothing in the contract states that they cannot upload as many Fight Like a Girl products as they want. They fail to consider, though, the duty of good faith and fair dealing. No reasonable person would believe that diluting a trademark is acceptable or that interpreting a term of a contract in a way that is contrary to public interest is appropriate.

88. Coalesce Defendants' long-standing pattern of bad faith conduct with its act of flooding the market with their infringing mark and it is readily apparent that their irrational interpretation of the contract was merely an opportune means of taking advantage of the terms of the agreement in a deliberate effort to sabotage Plaintiff and dilute its brand. This conduct on its own has been found to constitute a material breach of the implied covenant of good faith. "[T]he paradigmatic case of a party invoking a reasonable contract term dishonestly to achieve a purpose "contrary to that for which the contract had been made." The court held that "such manipulation…is the essence of bad faith". Interim Health Care of Northern Illinois v. Interim Health Care, 225 F.3d 876 (7th Cir. 2000).

## UNENFORCEABLE IF DEFENDANTS' USE IS ORNAMENTAL

89. Even if Defendants' use of Plaintiff's trademarks constitutes ornamental use (which Plaintiff fervently rejects), the entire condition of the agreement granting Defendants the right to use the marks ornamentally should be held unenforceable on grounds of public policy.

90. Trademark law was established, in large part, to protect the public from confusion. Defendants' use of Plaintiff's FIGHT LIKE A GIRL marks is not only highly likely to create confusion but has created actual confusion in at least three separate instances as set forth herein.

91. Defendants' use of Plaintiff's marks is clearly not in the interest of public policy therefore even if that use somehow fell under the definition of ornamental use, Plaintiff would not have been aware of such at the time of execution of the agreement, and the terms of the agreement that allowed such use should be deemed unenforceable.

**PLAINTIFF SIGNED SETTLEMENT AGREEMENT UNDER DURESS**

92. Finally, the parties' settlement agreement should be terminated due to Plaintiff negotiating and signing same under duress. Defendants literally held Plaintiff's Facebook page, the heart of the Fight Like a Girl Club, hostage. As set forth herein, with absolutely no basis, Defendants' submitted a take-down notice to Facebook in September, 2010. At the time of settlement negotiations, Plaintiff's page with its nearly sixteen thousand fans had been inactive for six months.

93. Facebook's policy is that it will not reinstate a page that has been taken down due to trademark infringement unless (1) the protestor retracts the take-down (2) a court order is obtained. Defendants refused to retract the take-down although as mentioned previously they never claimed priority, and obtaining a court order was months away. Even being represented by counsel could not change this fact.

94. Plaintiff's only mode of communication with its sixteen thousand members was through its Facebook page which was growing exponentially at the time it was taken down.

Therefore it was imperative to Plaintiff and to the Fight Like a Girl Club that the page be reactivated as expeditiously as possible.

95. This urgency to have its page reinstated is the sole factor for Plaintiff allowing Defendants to use its trademark in any way whatsoever. In light of Defendants' lengthy history of bad faith and dishonesty, Plaintiff did not trust them and would have never agreed to the terms settled on if its Facebook page had not been held for ransom.

96. Defendants' unlawful hijacking of Plaintiff's Facebook page left the Fight Like a Girl Club virtually nonoperational. Perceiving no other way to regain immediate control of its only effective means of contact with its members, Plaintiff was essentially forced to agree to the established terms and did so extremely reluctantly and fully expecting, based on Defendants' egregious past conduct, that it would have to file a breach of contract lawsuit soon thereafter. What Plaintiff did not expect was that it would not have the financial resources to file a lawsuit that quickly due to Defendants' malicious impersonation strategy explained previously.

97. Because Plaintiff would have made much different decisions had Defendants not created duress through its reprehensible and underhanded conduct, the settlement agreement should be declared void.

## COUNT 1 –BREACH OF CONTRACT

98. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 97 as if fully rewritten here.

99. The acts of Defendants complained of herein constitute breach of conduct.

100. The acts of Defendants described herein were conducted fraudulently, deliberately, and intentionally.

101. Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

## COUNT 2 – FEDERAL STATUTORY TRADEMARK INFRINGEMENT

102. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 101 as if fully rewritten here.

103. The acts of Defendants complained of herein constitute infringement of Plaintiff's federally registered FIGHT LIKE A GIRL CLUB CLAIM YOUR POWER, FIGHT LIKE A GIRL CLUB, and FIGHT LIKE A GIRL FOUNDATION trademarks in violation of 15 U.S.C. § 1114(1).The acts of Defendants described herein have been willful and in bad faith, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

104. Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

## COUNT 3 – FEDERAL COMMON LAW TRADEMARK INFRINGEMENT

105. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 104 as if fully rewritten here.

106. The acts of Defendants complained of herein constitute trademark infringement of Plaintiff's FIGHT LIKE A GIRL mark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

107. Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

## COUNT 4 – FEDERAL STATUTORY UNFAIR COMPETITION

108. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 107 as if fully rewritten here.

109. The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

110. Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

## COUNT 5 – STATE STATUTORY TRADEMARK INFRINGEMENT

111. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 110 as if fully rewritten here.

112. The acts of Defendants complained of herein constitute trademark infringement in violation of § 1329.65 of the Ohio Revised Code and § 1329.67(B).

113. Defendants did use, without the consent of the registrant, a colorable imitation of a trademark of another person's registration in the United States Patent and Trademark Office with the other person having a subsequent first use date.

114. Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

## COUNT 6 – STATE COMMON LAW TRADEMARK INFRINGEMENT

115. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 114 as if fully rewritten here.

116. The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of Ohio as protected by § 1329.67 of the Ohio Revised Code.

117. The acts of Defendants have been conducted fraudulently, deliberately, and intentionally to divert sales from Plaintiff and inflict injury on Plaintiff.

118. Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

## COUNT 7 – UNFAIR COMMON LAW COMPETITION

119. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 118 as if fully rewritten here.

120. The acts of Defendants complained of herein constitute unfair competition in violation of the common law of Ohio.

121. The acts of Defendants have been conducted fraudulently, deliberately, and intentionally to divert sales from Plaintiff and inflict injury on Plaintiff.

122. Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

## COUNT 8 – STATE COMMON LAW UNJUST ENRICHMENT

123. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 122 as if fully rewritten here.

124. The acts of Defendants complained of herein constitute unjust enrichment of Defendants at the expense of Plaintiff.

125. Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

## COUNT 9 – STATE STATUTORY DECEPTIVE AND UNFAIR TRADE PRACTICES

126. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 125 as if fully rewritten here.

127. The acts of Defendants complained of herein constitute deceptive and unfair trade practices in violation of Ohio Revised Code § 4165.02.

128. Defendants passed off goods of another causing confusion to consumers as to the source, affiliation, and connection to another.

129. Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

## COUNT 10 – STATE STATUTORY IDENTIFY FRAUD

130. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 129 as if fully rewritten here.

131. The acts of Defendants complained of herein constitute identify fraud in violation of Ohio Revised Code § 2913.49(B)(1).

132. Pursuant to Ohio Revised Code § 2307.611, Defendants are liable for, the greater of, five thousand dollars for each occurrence or treble damages and attorney's fees regardless of degree of intent.

133. Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

## COUNT 11 – STATE COMMON LAW IMPERSONATION

134. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 133 as if fully rewritten here.

135. The acts of Defendants complained of herein constitute impersonating Plaintiff for the purpose of inflicting injury on Plaintiff and impersonating Plaintiff that did result in injury to Plaintiff.

136. Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

## COUNT 12 – FEDERAL COPYRIGHT INFRINGEMENT

**(Plaintiff's Literary Work #1 Infringed by Defendants' Design A)**

137. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 136 as if fully rewritten here.

138. Plaintiff's Literary Work #1 was registered with the United States Copyright Office on September 27, 2010 with a Date of First Publication of May 8, 2008. Plaintiff's literary copyright registration number for Literary Work #1 is TX 7-327-130.

139. Defendants had access to Plaintiff's Literary Work #1.

140. Defendants unlawfully and willfully copied all or part of Plaintiff's work, in violation of Plaintiff's literary copyright.

141. Defendants' copied Design A infringes Plaintiff's copyrights in its Literary Work #1.

142. All or most of Defendants' infringement of Plaintiff's Literary Work #1 occurred after execution of the parties' 2011 settlement agreement.

143. Defendants' copied Design A is not only substantially similar, but is strikingly similar to Plaintiff's Literary Work #1 exuding the same "concept and feel" as Plaintiff's copyrighted Literary Work #1.

144. Plaintiff has lost substantial revenue from Defendants' unlawful and willful copying of Plaintiff's copyrighted Literary Work #1.

145. Defendants' products dilute the market and serve to destroy the distinctiveness of Plaintiff's copyrighted Literary Work #1.

146. Defendants' copying of Plaintiff's Literary Work #1 and use of graphics and text on the internet and websites of Defendants destroys the public's identification of the design of Plaintiff as Plaintiff's exclusive property, thereby confusing the public and causing Plaintiff to suffer irreparable damages and lost profits.

147. Plaintiff's sales of its own works and derivative works are prejudiced by Defendants' copyright infringements.

148. By reason of the foregoing, Defendants are liable to Plaintiff for Defendants' profits and damages in accordance with 17 U.S.C. §504.

## COUNT 13 – FEDERAL COPYRIGHT INFRINGEMENT

## (Plaintiff's Literary Work #1 Infringed by Defendants' Design B)

149. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 148 as if fully rewritten here.

150. Plaintiff's Literary Work #1 was registered with the United States Copyright Office on September 27, 2010 with a Date of First Publication of May 8, 2008. Plaintiff's literary copyright registration number for Literary Work #1 is TX 7-327-130.

151. Defendants had access to Plaintiff's Literary Work #1.

152. Defendants unlawfully and willfully copied all or part of Plaintiff's work, in violation of Plaintiff's literary copyright.

153. Defendants' copied Design B infringes Plaintiff's copyrights in its Literary Work #1.

154. All or most of Defendants' infringement of Plaintiff's Literary Work #1 occurred after execution of the parties' 2011 settlement agreement.

155. Defendants' copied Design B is not only substantially similar, but is strikingly similar to Plaintiff's Literary Work #1 exuding the same "concept and feel" as Plaintiff's copyrighted Literary Work #1.

156. Plaintiff has lost substantial revenue from Defendants' unlawful and willful copying of Plaintiff's copyrighted Literary Work #1.

157. Defendants' products dilute the market and serve to destroy the distinctiveness of Plaintiff's copyrighted Literary Work #1.

158. Defendants' copying of Plaintiff's Literary Work #1 and use of graphics and text on the internet and websites of Defendants destroys the public's identification of the design of Plaintiff as Plaintiff's exclusive property, thereby confusing the public and causing Plaintiff to suffer irreparable damages and lost profits.

159. Plaintiff's sales of its own works and derivative works are prejudiced by Defendants' copyright infringements.

160. By reason of the foregoing, Defendants are liable to Plaintiff for Defendants' profits and damages in accordance with 17 U.S.C. §504.

## COUNT 14 – FEDERAL COPYRIGHT INFRINGEMENT

## (Plaintiff's Literary Work #1 Infringed by Defendants' Design C)

161. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 160 as if fully rewritten here.

162. Plaintiff's Literary Work #1 was registered with the United States Copyright Office on September 27, 2010 with a Date of First Publication of May 8, 2008. Plaintiff's literary copyright registration number for Literary Work #1 is TX 7-327-130.

163. Defendants had access to Plaintiff's Literary Work #1.

164. Defendants unlawfully and willfully copied all or part of Plaintiff's work, in violation of Plaintiff's literary copyright.

165. Defendants' copied Design C infringes Plaintiff's copyrights in its Literary Work #1.

166. All or most of Defendants' infringement of Plaintiff's Literary Work #1 occurred after execution of the parties' 2011 settlement agreement.

167. Defendants' copied Design C is not only substantially similar, but is strikingly similar to Plaintiff's Literary Work #1 exuding the same "concept and feel" as Plaintiff's copyrighted Literary Work #1.

168. Plaintiff has lost substantial revenue from Defendants' unlawful and willful copying of Plaintiff's copyrighted Literary Work #1.

169. Defendants' products dilute the market and serve to destroy the distinctiveness of Plaintiff's copyrighted Literary Work #1.

170. Defendants' copying of Plaintiff's Literary Work #1 and use of graphics and text on the internet and websites of Defendants destroys the public's identification of the design of Plaintiff as Plaintiff's exclusive property, thereby confusing the public and causing Plaintiff to suffer irreparable damages and lost profits.

171. Plaintiff's sales of its own works and derivative works are prejudiced by Defendants' copyright infringements.

172. By reason of the foregoing, Defendants are liable to Plaintiff for Defendants' profits and damages in accordance with 17 U.S.C. §504.

## COUNT 15 – FEDERAL COPYRIGHT INFRINGEMENT

## (Plaintiff's Graphic Work #4 Infringed by Defendants' Design D)

173. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 172 as if fully rewritten here.

174. Plaintiff's Graphic Work #4 was automatically subject to copyright protection under 17 U.S.C. §102(a) when Plaintiff created the original work of authorship and fixed such work in a tangible medium of expression.

175. Defendants had access to Plaintiff's Graphic Work #4.

176. Defendants unlawfully and willfully copied all or part of Plaintiff's work, in violation of Plaintiff's copyright.

177. Defendants' copied Design D infringes Plaintiff's copyright in its Graphic Work #4.

178. Plaintiff's Graphic Work #4 was first published by Plaintiff on May 16, 2011. Accordingly, Defendants' infringement of Graphic Work #4 occurred after execution of the parties' March 2011 settlement agreement.

179. Defendants' copied Design D is not only substantially similar, but is strikingly similar to Plaintiff's Graphic Work #1 exuding the same "concept and feel" as Plaintiff's copyrighted Graphic Work #4.

180. Plaintiff has lost substantial revenue from Defendants' unlawful and willful copying of Plaintiff's copyrighted Graphic Work #4.

181. Defendants' products dilute the market and serve to destroy the distinctiveness of Plaintiff's copyrighted Graphic Work #4.

182. Defendants' copying of Plaintiff's Graphic Work #4 and use of graphics and text on the internet and websites of Defendants destroys the public's identification of the design of Plaintiff as Plaintiff's exclusive property, thereby confusing the public and causing Plaintiff to suffer irreparable damages and lost profits.

183. Plaintiff's sales of its own works and derivative works are prejudiced by Defendants' copyright infringements.

184. By reason of the foregoing, Defendants are liable to Plaintiff for Defendants' profits and damages in accordance with 17 U.S.C. §504.

## COUNT 16 – FEDERAL COPYRIGHT INFRINGEMENT

## (Plaintiff's Graphic Work #5 Infringed by Defendants' Design E)

185. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 184 as if fully rewritten here.

186. Plaintiff's Graphic Work #5 was automatically subject to copyright protection under 17 U.S.C. §102(a) when Plaintiff created the original work of authorship and fixed such work in a tangible medium of expression.

187. Defendants had access to Plaintiff's Graphic Work #5.

188. Defendants unlawfully and willfully copied all or part of Plaintiff's work, in violation of Plaintiff's copyright.

189. Defendants' copied Design E infringes Plaintiff's copyright in its Graphic Work #5.

190. All or most of Defendants' infringement of Plaintiff's Graphic Work #5 occurred after execution of the parties' 2011 settlement agreement.

191. Defendants' copied Design E is not only substantially similar, but is strikingly similar to Plaintiff's Graphic Work #5 exuding the same "concept and feel" as Plaintiff's copyrighted Graphic Work #5.

192. Plaintiff has lost substantial revenue from Defendants' unlawful and willful copying of Plaintiff's copyrighted Graphic Work #5.

193. Defendants' products dilute the market and serve to destroy the distinctiveness of Plaintiff's copyrighted Graphic Work #5.

194. Defendants' copying of Plaintiff's Graphic Work #5 and use of graphics and text on the internet and websites of Defendants destroys the public's identification of the design of Plaintiff as Plaintiff's exclusive property, thereby confusing the public and causing Plaintiff to suffer irreparable damages and lost profits.

195. Plaintiff's sales of its own works and derivative works are prejudiced by Defendants' copyright infringements.

196. By reason of the foregoing, Defendants are liable to Plaintiff for Defendants' profits and damages in accordance with 17 U.S.C. §504.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TSDC LLC, prays for entry of judgment against Defendants and seeks as follows:

1. Immediate termination of the settlement agreement due to Defendants' incurable material breach.

2. Injunctive relief preliminarily and permanently enjoining and restraining Defendants, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with them:

   a) From using Plaintiff's federally registered, federally applied-for, and common law trademarks FIGHT LIKE A GIRL, FIGHT LIKE A GIRL CLUB, FIGHT LIKE A GIRL CLUB CLAIM YOUR POWER, FIGHT LIKE A GIRL FOUNDATION, or FIGHT LIKE A GIRL MAGAZINE or any variation thereof, whether alone or in combination with any other word(s) or elements(s), or any mark, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to Plaintiff's FIGHT LIKE A GIRL marks and/or Plaintiff's copyrighted works;

   b) From advertising, displaying, selling, or otherwise distributing (whether in physical or electronic form), any and all advertisements, marketing or

promotional materials, product packaging, signage, banners, invoices, pamphlets, leaflets, flyers, and the like, as well as any goods (products, samples, and the like) containing Plaintiff's FIGHT LIKE A GIRL marks or any variation thereof, whether alone or in combination with any other word(s) or element(s), or any other mark, name, or designation which depicts, contains, or consists of any name or mark confusingly similar to Plaintiff's FIGHT LIKE A GIRL marks and/or Plaintiff's copyrighted works;

c) From registering, attempting to register, or maintaining any trademark registration, trademark, trade name, domain name, trade designation, or other indicia of origin or source containing the FIGHT LIKE A GIRL marks or any variation thereof, whether alone or in combination with any other word(s) or element(s), or any other mark, name, or designation which depicts, contains, or consists of any name or mark confusingly similar to Plaintiff's FIGHT LIKE A GIRL marks;

d) From committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe any of TSDC's trademark rights in the FIGHT LIKE A GIRL marks, or to confuse, mislead, or deceive consumers as to sponsorship, approval, or affiliation of TSDC by, with, or of Defendants;

e) From conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (d) above.

3. Consistent with paragraph (1)(a) above, Defendants be ordered to remove from sale or display any and all products, catalogs, advertisements, and any other items or goods bearing Plaintiff's FIGHT LIKE A GIRL marks or any word or words confusingly similar thereto and/or Plaintiff's copyrighted works. Defendants be also ordered to submit to the Court and serve upon Plaintiff within thirty (30) days after the entry and service of an injunction, a written report detailing gross sales of any goods or services in connection with Plaintiff's FIGHT LIKE A GIRL marks or any word or words confusingly similar thereto and/or Plaintiff's copyrighted works.

4. Defendants be required to deliver to the Court for destruction, or show proof of destruction of any and all products, labels, signs, prints, advertisements, signage, packages, wrappers, catalogs, websites, and any other materials in its possession or control bearing Plaintiff's FIGHT LIKE A GIRL marks or any word or words confusingly similar thereto and/or Plaintiff's copyrighted works.

5. Defendants be ordered to file with this Court and to serve upon Plaintiff within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

6. Plaintiff recover all damages it has sustained as a result of the activities of Defendants.

7. A finding that the actions of Defendants were willful and/or in bad faith.

8. Pursuant to 15 U.S.C. § 1117(a) (Section 35(a) of the Lanham Act), Plaintiff be awarded treble damages and attorneys' fees for willful breach of contract and willful infringement.

9. An accounting be directed to determine the profits of Defendants resulting from the activities complained of herein and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case.

10. Defendants be required to account for and pay over to Plaintiff any benefit and unjust enrichment obtained at Plaintiff's expense from its wrongful actions.

11. Plaintiff be awarded its costs and fees related to this action, including but not limited to reasonable attorney fees.

12. Plaintiff be awarded prejudgment and post-judgment interest.

13. An order that Defendants be held jointly and severally liable for all awards to Plaintiff.

14. Plaintiff be granted such other and further relief, at law or in equity, as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby request a jury trial for all claims as provided for in Rule 38 of the Federal Rules of Civil Procedure.

# United States of America

## United States Patent and Trademark Office

# FIGHT LIKE A GIRL CLUB
# CLAIM YOUR POWER

**Reg. No. 4,430,708**

**Registered Nov. 12, 2013**

**Int. Cl.: 45**

**SERVICE MARK**

**PRINCIPAL REGISTER**

TSDC, LLC (OHIO LIMITED LIABILITY COMPANY)
P.O. BOX 45034
CLEVELAND, OH 44145

FOR: ORGANIZING AND PROVIDING AN ON-LINE SUPPORT GROUP FOR THOSE WHO SUFFER OR ARE AFFECTED BY AILMENTS AND LIFE-THREATENING DISEASES, IN CLASS 45 (U.S. CLS. 100 AND 101).

FIRST USE 5-12-2010; IN COMMERCE 5-12-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CLUB", APART FROM THE MARK AS SHOWN.

SER. NO. 85-022,163, FILED 4-23-2010.

NATALIE POLZER, EXAMINING ATTORNEY



Deputy Director of the United States Patent and Trademark Office

Exhibit A

# United States of America
## United States Patent and Trademark Office

# FIGHT LIKE A GIRL CLUB

**Reg. No. 4,545,910**

**Registered June 10, 2014**

**Int. Cls.: 14, 25 and 45**

**TRADEMARK**

**SERVICE MARK**

**PRINCIPAL REGISTER**

TSDC, LLC (OHIO LIMITED LIABILITY COMPANY)
P.O. BOX 45034
CLEVELAND, OH 44145

FOR: JEWELRY, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 7-9-2010; IN COMMERCE 7-9-2010.

FOR: CLOTHING, NAMELY, T-SHIRTS, SWEATSHIRTS, TANK TOPS, GOLF SHIRTS, PANTS, SHORTS, TIES, SLEEPWEAR, HATS, JACKETS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 7-9-2010; IN COMMERCE 7-9-2010.

FOR: ORGANIZING AND PROVIDING AN ON-LINE SUPPORT GROUP FOR THOSE WHO SUFFER OR ARE AFFECTED BY AILMENTS AND LIFE-THREATENING DISEASES, IN CLASS 45 (U.S. CLS. 100 AND 101).

FIRST USE 5-12-2010; IN COMMERCE 5-12-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CLUB", APART FROM THE MARK AS SHOWN.

SER. NO. 85-082,681, FILED 7-12-2010.

NATALIE POLZER, EXAMINING ATTORNEY

**Deputy Director of the United States**
**Patent and Trademark Office**

Exhibit B

# United States of America
## United States Patent and Trademark Office

# FIGHT LIKE A GIRL FOUNDATION

**Reg. No. 4,564,525**
**Registered July 8, 2014**

**Int. Cl.: 36**

**SERVICE MARK**

**PRINCIPAL REGISTER**

TSDC, LLC (OHIO LIMITED LIABILITY COMPANY)
P.O. BOX 45034
CLEVELAND, OH 44145

FOR: CHARITABLE FUNDRAISING SERVICES, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 9-13-2012; IN COMMERCE 9-13-2012.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "FOUNDATION", APART FROM THE MARK AS SHOWN.

SN 85-389,284, FILED 8-4-2011.

HOWARD B. LEVINE, EXAMINING ATTORNEY



*Michelle K. Lee*
**Deputy Director of the United States
Patent and Trademark Office**

# Exhibit C

| | |
|---|---|
| From: | TMOfficialNotices@USPTO.GOV |
| Sent: | Tuesday, October 8, 2013 00:03 AM |
| To: | docket@patentandtm.com |
| Subject: | Trademark Serial Number 85486008: Official USPTO Notice of Allowance |

## NOTICE OF ALLOWANCE (NOA)

### ISSUE DATE: Oct 8, 2013

**Serial Number:** 85486008
**Mark:** FIGHT LIKE A GIRL MAGAZINE(STANDARD CHARACTER MARK)
**Docket/Reference Number:** FLG.T4000

**No opposition was filed for this published application. The issue date of this NOA establishes the due date for the filing of a Statement of Use (SOU) or a Request for Extension of Time to file a Statement of Use (Extension Request). WARNING: An SOU that meets all legal requirements must be filed before a registration certificate can issue. Please read below for important information regarding the applicant's pending six (6) month deadline.**

**SIX (6)-MONTH DEADLINE: Applicant has six (6) MONTHS from the NOA issue date to file either:**

- An SOU, if the applicant is using the mark in commerce (required even if the applicant was using the mark at the time of filing the application, if use basis was not specified originally); **OR**
- An Extension Request, if the applicant is not yet using the mark in commerce. If an Extension Request is filed, a new request must be filed every six (6) months until the SOU is filed. The applicant may file a total of five (5) extension requests. **WARNING:** An SOU may **not** be filed more than thirty-six (36) months from when the NOA issued. The deadline for filing is always calculated from the issue date of the NOA.

**How to file SOU and/or Extension Request:**
Use the Trademark Electronic Application System (TEAS). Do **NOT** reply to this e-mail, as e-mailed filings will **NOT** be processed. Both the SOU and Extension Request have many legal requirements, including fees and verified statements; therefore, please use the USPTO forms available online at http://www.uspto.gov/teas/index.html (under the "INTENT-TO-USE (ITU) FORMS" category) to avoid the possible omission of required information. If you have questions about this notice, please contact the Trademark Assistance Center at 1-800-786-9199.

For information on how to (1) divide an application; (2) delete goods/services (or entire class) with a Section 1(b) basis; or (3) change filing basis, see http://www.uspto.gov/trademarks/basics/MoreInfo_SOU_EXT.jsp.

**FAILURE TO FILE A REQUIRED DOCUMENT OUTLINED ABOVE DURING THE APPROPRIATE TIME PERIOD WILL RESULT IN THE ABANDONMENT OF THIS APPLICATION.**

### REVIEW APPLICATION INFORMATION FOR ACCURACY

If you believe this NOA should not have issued or correction of the information shown below is needed, you must submit a request to the Intent-to-Use Unit. Please use the "Post-Publication Amendment" form under the "POST-PUBLICATION/POST NOTICE OF ALLOWANCE (NOA) FORMS" category, available at http://www.uspto.gov/teas/index.html. Do **NOT** reply to this e-mail, as e-mailed filings will NOT be processed.

| | |
|---|---|
| **Serial Number:** | 85486008 |
| **Mark:** | FIGHT LIKE A GIRL MAGAZINE(STANDARD CHARACTER MARK) |
| **Docket/Reference Number:** | FLG.T4000 |
| **Owner:** | TSDC, LLC |
| | P.O. Box 45034 |
| | Cleveland , OHIO  44145 |
| **Correspondence Address:** | SALVATORE A SIDOTI |
| | CURATOLO SIDOTI CO LPA |
| | 24500 CENTER RIDGE RD STE 280 |



Exhibit D

CLEVELAND, OH 44145-5681

**This application has the following bases, but not necessarily for all listed goods/services:**

Section 1(a): NO          Section 1(b): YES          Section 44(e): NO

**GOODS/SERVICES BY INTERNATIONAL CLASS**

016 -      periodic publication, namely, a magazine providing articles, information and stories designed for persons with cancer and other serious diseases -- FIRST USE DATE: NONE; -- USE IN COMMERCE DATE: NONE

**ALL OF THE GOODS/SERVICES IN EACH CLASS ARE LISTED.**

---

**Fraudulent statements may result in registration being cancelled:**  Applicants must ensure that statements made in filings to the USPTO are accurate, as inaccuracies may result in the cancellation of any issued trademark registration.  The lack of a bona fide intention to use the mark with ALL goods and/or services listed in an application or the lack of actual use on all goods and/or services for which use is claimed could jeopardize the validity of the registration, possibly resulting in its cancellation.

**Additional information:** For information on filing and maintenance requirements for U.S. trademark applications and registrations and required fees, please consult the USPTO website at www.uspto.gov or call the Trademark Assistance Center at 1-800-786-9199.

**Checking status:** To check the status of an application, go to http://tarr.uspto.gov.  Please check the status of any application at least every three (3) months after the application filing date.

To view this notice and other documents for this application on-line, go to  http://tdr.uspto.gov/search.action?sn=85486008.
 NOTE: This notice will only be available on-line the next business day after receipt of this e-mail.



Exhibit D

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 86391464**
**Filing Date: 09/10/2014**

*NOTE: Data fields with the * are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

---

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **TEAS Plus** | **YES** |
| **MARK INFORMATION** | |
| *MARK | FIGHT LIKE A GIRL |
| *STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | FIGHT LIKE A GIRL |
| *MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | TSDC, LLC |
| DBA/AKA/TA/FORMERLY | DBA Fight Like a Girl |
| *STREET | 26583 Center Ridge Road |
| *CITY | Westlake |
| *STATE (Required for U.S. applicants) | Ohio |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants only) | 44145 |
| PHONE | 440-471-7311 |

Exhibit E

| | |
|---|---|
| FAX | 440-815-2200 |
| EMAIL ADDRESS | ip@flagc.com |
| WEBSITE ADDRESS | www.fightlikeagirlclub.com |
| **LEGAL ENTITY INFORMATION** | |
| *TYPE | LIMITED LIABILITY COMPANY |
| * STATE/COUNTRY WHERE LEGALLY ORGANIZED | Ohio |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| *INTERNATIONAL CLASS | 025 |
| *IDENTIFICATION | Athletic shirts; Caps; Graphic T-shirts; Hooded sweat shirts; Hooded sweatshirts; Long-sleeved shirts; Polo shirts; Shirts; Shirts and short-sleeved shirts; Short-sleeved or long-sleeved t-shirts; Short-sleeved shirts; Sport shirts; Sports caps and hats; Sports shirts; Sports shirts with short sleeves; Sweat shirts; Sweatpants; Sweatshirts; T-shirts; Tank tops; Tank-tops; Tee shirts |
| *FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 12/01/2006 |
| FIRST USE IN COMMERCE DATE | At least as early as 05/12/2007 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT16\IMAGEOUT 16\863\914\86391464\xml1\ FTK0003.JPG |
| | \\TICRS\EXPORT16\IMAGEOUT 16\863\914\86391464\xml1\ FTK0004.JPG |
| | \\TICRS\EXPORT16\IMAGEOUT 16\863\914\86391464\xml1\ FTK0005.JPG |
| SPECIMEN DESCRIPTION | FIGHT LIKE A GIRL IN USE |
| *INTERNATIONAL CLASS | 025 |
| *IDENTIFICATION | Golf shirts |
| *FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 12/01/2006 |
| FIRST USE IN COMMERCE DATE | At least as early as 05/12/2007 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT16\IMAGEOUT 16\863\914\86391464\xml1\ FTK0006.JPG |

Exhibit E

|  | \\TICRS\EXPORT16\IMAGEOUT 16\863\914\86391464\xml1\ FTK0007.JPG |
|---|---|
|  | \\TICRS\EXPORT16\IMAGEOUT 16\863\914\86391464\xml1\ FTK0008.JPG |
| **SPECIMEN DESCRIPTION** | FIGHT LIKE A GIRL IN USE |

## ADDITIONAL STATEMENTS INFORMATION

| | |
|---|---|
| *TRANSLATION (if applicable) | |
| *TRANSLITERATION (if applicable) | |
| *CLAIMED PRIOR REGISTRATION (if applicable) | |
| *CONSENT (NAME/LIKENESS) (if applicable) | |
| *CONCURRENT USE CLAIM (if applicable) | |

## ATTORNEY INFORMATION

| | |
|---|---|
| **NAME** | John M. Stryker |
| **FIRM NAME** | Stryker Law ltd |
| **STREET** | 20006 Detroit Road, Suite 310 |
| **CITY** | Rocky River |
| **STATE** | Ohio |
| **COUNTRY** | United States |
| **ZIP/POSTAL CODE** | 44116 |
| **PHONE** | 2163382295 |
| **FAX** | 216-777-2064 |
| **EMAIL ADDRESS** | john@strykerlaw.com |
| **AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |

## CORRESPONDENCE INFORMATION

| | |
|---|---|
| *NAME | John M. Stryker |
| **FIRM NAME** | Stryker Law ltd |
| *STREET | 20006 Detroit Road, Suite 310 |
| *CITY | Rocky River |
| *STATE (Required for U.S. applicants) | Ohio |

Exhibit E

| | |
|---|---|
| *COUNTRY | United States |
| *ZIP/POSTAL CODE | 44116 |
| PHONE | 2163382295 |
| FAX | 216-777-2064 |
| *EMAIL ADDRESS | john@strykerlaw.com |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| **FEE INFORMATION** | |
| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 275 |
| *TOTAL FEE PAID | 275 |
| **SIGNATURE INFORMATION** | |
| * SIGNATURE | /John M. Stryker/ |
| * SIGNATORY'S NAME | John M. Stryker |
| * SIGNATORY'S POSITION | Attorney of Record |
| SIGNATORY'S PHONE NUMBER | 216-338-2295 |
| * DATE SIGNED | 09/10/2014 |

Exhibit E



**EXHIBIT F**



**EXHIBIT G**

http://www.fightlikeagirlgiftshop.com/contactus.html



Copyright FightLikeaGirlGift Shop.Com 2008-2010. None of our images or designs from this shop or our affiliated/sister shops are to be copied, duplicated or used outside of our respective shops. Purchasing products from this store does NOT transfer copyright to the buyer.

Have a blog, website or facebook? If you would like to promote our store on your blog, website, facebook, etc, please use our banners below and link to http://www.cancerapparelgifts.com - Thank you.

ALUG
ALS
Alzheimer's Disease
Anal Cancer
Appendix Cancer
Bladder Cancer
Blood Cancer
Bone Cancer
Brain Cancer
Brain Tumor
Breast Cancer
Carcinoid Cancer
Cerebral Palsy
Cervical Cancer
Childhood Cancer
Childhood Stroke
Colon Cancer
Crohn's Disease
Cystic Fibrosis
Diabetes
Domestic Violence
Endometrial Cancer
Endometriosis
Epilepsy
Esophageal Cancer
Fibromialgia
General Cancer
Gynecologic Cancer
Head & Neck Cancer
Heart Disease
Hodgkin's Lymphoma
Interstitial Cystitis
Awareness
Kidney Cancer (Green)
Kidney Cancer
(Orange)
Kidney Disease
Leiomyosarcoma
Leukemia
Liver Cancer
Liver Disease
Lung Cancer
Lupus
Lyme Disease
Lymphoma Shirts
Melanoma
Mental Health
Awareness
Multiple Myeloma
Multiple Sclerosis
Neuroblastoma Cancer
Non-Hodgkin's
Lymphoma
Oral Cancer
Ovarian Cancer
Pancreatic Cancer
Parkinson's Disease
PCOS
PKD - Polycystic
Kidney Disease
Rectal Cancer
Retinoblastoma
Awareness
Sarcoidosis
Sarcoma
Skin Cancer
Stomach Cancer
Stroke
Throat Cancer
Thyroid Cancer
Thyroid Disease
Uterine Cancer

Social Bookmarks

**Exhibit H**



**Fight Like a Girl Shirts and Gifts**
17 July

Tell the world that you #FightLikeaGirl with our sporty collection of Fight Like a Girl shirts, apparel and cool gear featuring an awareness ribbon to signify your cause by www.fightlikeagirlgiftshop.com

Rosie the Riveter Fight Like a Girl Shirts - Also available in other ribbon colors from FightLikeAGirlGiftShop.Com

Like · Comment · Share

Becky Becker Sander, Trisha Heath Schneider, Marjorie LaNeil Scott and 4 others like this.

**Fight Like a Girl Shirts and Gifts** Visit www.fightlikeagirlgiftshop.com for a vast collection of Fight Like a Girl shirts and gifts from cancer survivors since 2008.
26 June 2011 at 12:19 · Like

·· Comment · Share    1 Share

62 people like this.



**Fight Like a Girl Shirts and Gifts**
24 minutes ago

Today Only! #FightLikeaGirl Tote Bags are 50% off at www.fightlikeagirlgiftshop.com w/coupon code TOTEBAGONTHU - Exp 8/14/14 11:59PM PT >> Shop the collection direct at http://bit.ly/1oxZUhB

Like · Comment · Share



**Fight Like a Girl Shirts and Gifts**
12 July · Edited

Take a stand against Ewing Sarcoma with our powerful series of #FightLikeaGirl shirts, apparel and gifts featuring a yellow ribbon and boxing gloves to symbolize the fight by www.fightlikeagirlcancershirts.com

Like · Comment · Share    1 Share

18 people like this.

Write a comment...

# Exhibit I



Fight Like a Girl Shirts

fightlikeagirlshirts

172 views

Uploaded on Sep 3, 2011
From MissionWeCanDoIt.Com - The slogan Fight Like a Girl has
been an empowering motto for Breast Cancer Warriors, Survivor
and Advocates, but now the slogan is inspiring to other cancer and
disease warriors, survivors and their supporters from Appendix
Cancer to Uterine cancer. Since 2008, we have been offering Fight
Like a Girl shirts and gifts for ALL causes, diseases and conditions
to empower all women facing their battles including support teams.
A portion of all proceeds benefits cancer and disease related
charities. Shop www.missionwecandoit.com for our vast collection
of Fight Like a Girl merchandise brought to you by cancer survivors
and advocates. The song is "I Will Survive".

# Exhibit J





**Exhibit L**



ABOUT US

I am posting my story so you know that the person behind the "**Fight Like a Girl** " slogan truly empathizes and understands your struggle with cancer or a life-altering disease because I, myself, am cancer survivor in addition to a disease survivor. As an insider, I truly understand your plight. Additionally, I know caregivers and families also understand what it's like to face a life-altering disease on behalf of their loved ones, family and friends facing their battles.

In 2005, I had symptoms of exhaustion that would not go away. One night I had the worse fever and night sweats of life. When I woke up, I felt lumps on my neck and I knew something was wrong. I immediately saw my doctor and I already knew it was cancer just by the look on his face. I was diagnosed with stage IV cancer and underwent routine chemo for six month. Then in the early part of 2006, I relapsed again with stage IV Hodgkin's Lymphoma and underwent a stem cell transplant and radiation therapy. There were times I underwent some challenging times, but I kept saying to myself "keep fighting...never give up....stay strong". I saw cancer as an invisible enemy and I was not prepared to lose my life because of it.

I was finally declared in remission, but endured some health issues that chemo and the stem cell transplant brought upon (lung disease, thyroid disease, neuropathy and osteoporosis). It has been four years and I am fortunate that I am in continued remission thanks to my faith, family, friends, support and determination.

Like · Comment · Share

Write a comment...

**Exhibit M**



**Ellis**
**5-16-11**

**GG**
**1-13-14**

**Ellis**
**5-17-10**

**GG**
**2012**



**Ellis**
**6-1-12**



**GG**
**3-19-14**

# Exhibit N



**Ellis**
**5-8-08**
**U.S. Literary Copyright**
**Registration # 7-327-130**



GG 3-4-12



GG 11-7-13

GG 4-4-14

EXHIBIT N



**Ellis**
**12-27-07**



**Ellis**
**7-11-12**



**Ellis**
**6-29-12**



**GG**
**3-23-11**



**GG**
**10-14-13**



**GG**
**5-1-13**



**GG**
**10-8-10**

# EXHIBIT O



## Fuck Cancer - Breast Cancer Tshirts

**$28.95** per shirt

Artwork designed by cancerapparel. Made by Zazzle Apparel in San Jose, CA. Sold by Zazzle.

★★★★★ **4.7** 424 reviews

Quantity: 1 shirt. ▼

Size: Select a size ... ▼

Need help picking a size? View size chart

**Add to Cart**

Add to wishlist · Like · Email · Share

### Color & Style Options

Only **$3.00** more on Kids' Basic American Apparel T-Shirt    Apply

**Color:** Black

Full Front

Customize it!

**Style: Kids' Basic Hanes Tagless ComfortSoft® T-Shirt**

Comfortable, cas...







### Fuck Leukemia Tee

Women's Basic T-shirt

**$18.49** $24.50

In stock

QUANTITY 1    ADD TO CART 🛒

SIZE: Select a size ... ▼    Size Chart

Add matching pajama bottoms to your top?

Turn your t-shirt into a pajama sensation with these 100% cotton pajama bottoms. Made of ultra-fine, ring-spun cotton, they get softer with each washing. Lounge in style! Choose a style ↓

ADD TO CART 🛒

100% Satisfaction Guarantee

ALSO AVAILABLE IN 22 MORE PRODUCT STYLES

DEPARTMENT: Womens ▼





DESIGNED BY

hopeawareness

+ FOLLOW

PRODUCT DETAILS | SIZE & FIT | ABOUT THE DESIGN

- Women's T-Shirt
- 5.9 oz, 100% cotton
- Crew neckline
- Classic fit

f 🐦 📌 📧 ♥Favorite %Embed ⊘Report







Breast Cancer Support 2nd Base Tshirts
$23.95



Don't Let Breast Cancer Steal 2nd Base Tshirts
$29.95



Fight Like A Girl Breast Cancer Awareness Tee Shirt
$34.95

F*CK Breast Cancer Shirts
$26.95

Breast Cancer Fight Like a Girl Grunge Slogan Shirts
$22.95

Warrior Vintage Wings - Breast Cancer

**EXHIBIT P**



ution.com/shop/fight-like-a-girl.html



Home    Shop    About    Links    A

## Fight Like a Girl

Shop the largest collection of **Fight Like a Girl shirts, apparel, tees and unique gifts** featuring this powerful slogan for women from cancer to health causes and more at AwarenessRibbonRevolution.Com - Ideal for awareness walks, support events and to support those fighting cancer or diseases. Makes a great activism gift! Women band together and fight like a girl!

Showing 1 - 20 of 802902 products.  1 2 3 4 5 6 > >>











**Breast Cancer Fight Like a Girl Grunge Slogan T-shirt**
Fight Like a Girl and get your gloves on for Breast ...
**$16.95**

**Breast Cancer Ribbon - Figh Like a GIRL T-shirts**
Stand up and Fight Like a Girl with our attention-getting Fight ...
**$33.95**

**Fight Like A Girl Tee Shirts**
Support Breast Cancer awareness and fight like a girl!
**$21.95**

**Fight like a Girl Boxing - Breast Cancer Tshirt**
Get ready to fight like a girl and show the world ...
**$34.95**









girl.html

: Like a Girl, Fig....html

**EXHIBIT Q**



Contact Us | Terms of Use | Trademarks | Privacy Statement
Fight Like a Girl Shirts and Gifts - Copyright © 2008-2011 --- All Rights Reserved

Shop the best Fight Like a Girl Shirts, Fight Like a Girl Apparel, Fight Like a Girl Tees, Fight Like a Girl T-shirts, Fight Like a Girl Accessories and unique Fight Like a Girl Gift Ideas!

Designed by FightLikeaGirlGiftShop.Com

**EXHIBIT R**