IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| TSDC, LLC, *et al* | Civil Case No. 1:14-cv-02699-DCN |
| Plaintiff, | Judge Donald C. Nugent |
| v. | DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AGAINST DEFENDANTS |
| Ann (Antoinette) Galvan, *et al* | |
| Defendants. | |

Defendants Antoinette ("Ann") Galvan and Gloria Galvan ("Gloria")(collectively "the Galvan sisters") hereby oppose plaintiff's motion for leave to amend its complaint:

**I.      INTRODUCTION**

Plaintiff TSDC, LLC ("TSDC") filed its motion for leave to amend on August 27, 2015. Accordingly, the opposition brief of defendants ANN and GLORIA GALVAN ("the Galvan sisters") was due on September 14, 2015. *See* Local Rules, 7.1(d). Thus, this brief is timely filed despite the Court's order of September 9, 2015. In short, TSDC's motion for leave to amend is improper as it lacks any particularity. Fed. R. Civ. P. 7(b), 15(a)(2); *Evans v. Pearson Enters., Inc.,* 434 F.3d 839, 853 (6th Cir. 2006). TSDC's proposed amended complaint also improperly deletes claims for federal and state law dilution. An answer is on file in this case and a joint dismissal has not been filed. *See* Fed. R. Civ. P.

41(a).  Accordingly, TSDC cannot merely "delete" claims from its complaint.  Plaintiff's motion is also unduly delayed.  TSDC has been aware of these alleged claims since 2011 but has failed to pursue these claims until less than two month of discovery remain in this action and nearly nine (9) months after filing the initial case.  TSDC's claim is also futile as it has failed to properly state the proposed copyright causes of action in "Counts" 15 and 16 of the complaint.  Namely, TSDC has failed to plead the existence of a copyright registration or application for the proposed works.  Accordingly, TSDC has failed to state a claim and the amendment should be denied.

## II.  TSDC'S MOTION IS IMPROPER.

TSDC's motion for leave to amend is improper as it lacks any particularity.  Fed. R. Civ. P. 7(b), 15(a)(2); *Evans v. Pearson Enters., Inc.,* 434 F.3d 839, 853 (6th Cir. 2006).  In *Evan, supra,* the Court held that requesting leave to amend in a single sentence without providing the grounds for the amendment was not a sufficiently particular request.  *Id.* Here, TSDC does exactly this and merely states: "Plaintiff now wishes to amend its complaint."  (Dkt. #24, p. 1.)  While TSDC has provided a proposed amended complaint, TSDC has not stated a basis for its amendment, its reasons for its delay in filing the request to amend nearly nine (9) months into the case or why it is permitted to "delete" previous causes of action without a joint dismissal.  TSDC's barebones motion for leave to amend should be denied.

## III.  TSDC HAS FAILED TO FILE A PROPER DISMISSAL OF ITS DILUTION CLAIMS.

TSDC's proposed amended complaint improperly "deletes" its previous causes of action for federal and state trademark dilution.  However, the Galvan sisters moved to for

judgment on the pleadings on these claims (Dkt. #10) and then answered these claims months ago.  *See* Dkt. #7 and #10.  Accordingly, the Federal Rules of Civil Procedure prohibit TSDC from unilaterally "deleting" these claims.  *See* Fed. R. Civ. P. 41(a).  These causes of action have been answered and no joint dismissal has been filed.  TSDC's proposed amendment to delete these causes of action is improper.

IV.     **TSDC'S MOTION IS UNDULY DELAYED.**

The U.S. Supreme Court determined that "[i]n the absence of . . . undue delay, bad faith or dilatory motive . . . undue prejudice . . . futility of amendment, etc.--the leave sought should . . . be 'freely given.' " *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Sixth Circuit applies a balancing test of these factors, which turns on substantial *prejudice* to the opposing party. *See, e.g.*, *Lawson v. Truck Drivers, Chauffeurs & Helpers, Local Union 100*, 698 F.2d 250, 256 (6th Cir. 1983); *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).  However, here, TSDC has delayed years in seeking relief for copyright infringement.  TSDC's motion for leave to amend was filed nearly nine month after the initial complaint.  The copyright infringement claims refer to designs allegedly used by the Galvan sisters since 2010, prior to the 2011 settlement of the first case and years prior to the filing of the present case in 2014.  There is no indication that these alleged infringements are somehow newly discovered.  In fact, TSDC attempted to claim it had stated a cause of action for copyright infringement in opposition to the motion for judgment on the pleadings and was denied by the Court.  Dkt. #18, p. 6.   Discovery is now less than two months from completion and TSDC seeks to add five counts of copyright infringement claims.  This late amendment

prejudices the Galvan sisters' defense. Accordingly, TSDC's motion for leave to amend is untimely and should be denied.

V.      **TSDC'S PROPOSED AMENDMENT IS FUTILE.**

TSDC's proposed amendment fails to properly allege copyright infringement in "Counts" 15 and 16 and, therefore, is futile as a matter of law. As stated above, the U.S. Supreme Court has held futility is grounds for denying leave to amend. *See Foman v. Davis, supra.* The proposed amendment states five (5) "counts" of copyright infringement of various works but identifies only one registered work. The failure to allege the existence of a copyright registration for an allegedly infringed work is fatal to TSDC's claims 15 and 16. 17 U.S.C. §411. Section 411 states, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." As such, claims 15 and 16 fail as a matter of law and amendment should be denied.

VI.     **CONCLUSION**

For the reasons stated above, defendants respectfully request that the Court deny plaintiff's motion for leave to amend the complaint in its entirety.

Dated: <u>September 14, 2015</u>                     GRAY LAW FIRM

                                                    /s/ Gordon E. Gray III
                                                    Gordon E. Gray III (SBN 175209)
                                                    4401 N. Atlantic Ave.
                                                    Long Beach, CA 90807
                                                    Tel: (562) 984-2020
                                                    Email: geg@grayiplaw.com
                                                    Attorney for Defendants
                                                    **Antoinette and Gloria Galvan**

## PROOF OF SERVICE

I hereby certify that on this date, September 14, 2015, a copy of the foregoing:

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AGAINST DEFENDANTS**

was filed electronically with the Clerk's office by using the CM/ECF system and served electronically and/or via first-class U.S. mail, postage prepaid, upon the parties as indicated below.

John M. Stryker, Esq.
Stryker Law Ltd.
20006 Detroit Road, Suite 310
Rocky River, Ohio 44116
Attorney for Plaintiff

Executed on September 14, 2015, at Long Beach, California.

                                                               /s/Gordon E. Gray III
                                                                   Gordon E. Gray III