## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| TSDC, LLC, et al. | CASE NO. 1:14-cv-02699-DCN |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| ANN (ANTOINETTE) GALVAN, et al. | DEFENDANTS' RESPONSE IN PARTIAL OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER DISMISSING COUNTS 10 AND 11 OF AMENDED COMPLAINT |
| Defendants. | |

Plaintiff has asked the Court to dismiss Counts 10 (State Statutory Identity Fraud) and 11 (State Common Law Impersonation) without prejudice. Defendants encourage the Court to dismiss those claims. However, the Defendants request that the counts be dismissed <u>with prejudice</u>. Federal Rule of Civil Procedure 41(a)(2) states "except as provided in Rule 41(a)(1), an action may be dismissed at the Plaintiff's request only by Court Order, on terms that the Court considers proper." The Court has the opportunity to decide the terms of the dismissal. Defendants request that the dismissal of the claims be with prejudice due to the specious and inflammatory nature of the claims and the run around that the Defendants received.

There is no evidence to support those claims and Defendants have had to spend time and money to defend against them. Defendants even set up three depositions in Ames, Iowa before the Plaintiff decided to dismiss those claims. Only because Plaintiff did not want to go to Iowa was the motion for dismissal of the claims filed. The depositions were set for October 26 and 27, 2016 and the motion was filed on October 20, 2016.

Further, Plaintiff has used those claims as a club against the Defendants. On March 1, 2016 Plaintiff's counsel said that those claims would be dismissed, but when the discovery

1

cut-off got close, Plaintiff declared that those claims would be tried to a jury.  Exhibit F., ¶¶2-3.  That caused Defendants to set up the Iowa depositions to prove that there was no validity to those claims.

The state statutory identity fraud and state common law impersonation claims are articulated in the Amended Complaint.  ECF # 24.  Those paragraphs are restated in the attached Exhibit A.  The Plaintiff alleged that one of the Defendants telephoned a third party, the Sigler Companies, Inc., also known as "Signify Pink" (hereafter referred to as "Sigler") and impolitely impersonated the sole owner of TSDC, LLC, Sandra Ellis, and told Sigler in no uncertain terms that Sigler needed to stop using Ellis' "Fight Like A Girl" trademark.  Id.  Further, TSDC, LLC alleged that due to the telephone call, Sigler filed litigation in the Trademark Office against TSDC's "Fight Like A Girl" trademark application.  Id.

No evidence can be found supporting these claims.  Plaintiff's only witness was a person who alleged that she was told about the phone call by the person who received the phone call.  Id.  Not only is that hearsay, but also that witness allegedly told that story *after* she was hired by the Plaintiff.  Plaintiff's new employee had no knowledge of who made the alleged phony phone call, let alone any evidence that one of the Defendants made the phone call.  Defendants deny making the telephone call.  Ms. Ellis merely surmises that one of the Galvans made the phone call as she claims they are the only ones who hate her.  Exhibit B.

Plaintiff subpoenaed Sigler to prove its claims, but Sigler responded that they had no information concerning the alleged phone call.  Exhibit C.  In order to defend against these claims, Defendants set up three depositions, including Sigler, for October 26 and 27, 2016 in Ames, Iowa.  Exhibit D.  Again, Sigler responded that they did not have any evidence to support

2

the alleged phone call that is the basis of the identity fraud and the impersonation claims. Exhibit E.

Defendants incurred costs to defend against these claims, to subpoena the witnesses, and fees for obtaining a place for the depositions. Defendants incurred at least $1,645.07 in costs. Exhibit F.

The Defendants respectfully request that the Court dismiss Counts 10 and 11 of the Amended Complaint with prejudice.

Respectfully submitted,

/s/ Patricia A. Walker
Patricia A. Walker (0001779)
*paw@walkerandjocke.com*
Ralph E. Jocke (0011642)
*rej@walkerandjocke.com*
Stacy L. Emhoff (0080295)
*sle@walkerandjocke.com*
WALKER & JOCKE CO., LPA
231 South Broadway
Medina, Ohio 44256-2601
Tel : (330) 721-0000
Fax : (330) 722-6446

Gordon E. Gray, III (admitted *pro hac vice*)
*geg@grayiplaw.com*
4401 N. Atlantic Avenue
Long Beach, CA 90807
Tel:  (562) 984-2020
Fax: (532) 984-2019

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of October, 2016, I caused the foregoing Defendants' Response in Partial Opposition to Plaintiff's Motion for Order Dismissing Counts 10 and 11 of Amended Complaint to be electronically served with the Court's electronic filing system on all attorneys of record as indicated on the electronic filing receipt.

/s/ Patricia A. Walker
Patricia A. Walker