**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **TSDC, LLC** | ) | CASE NO. 1:14-cv-02699-DCN |
| | ) | |
| **Plaintiff,** | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| **v.** | ) | |
| | ) | **DEFENDANTS' MOTION FOR** |
| **ANN (ANTOINETTE) GALVAN, et al.** | ) | **PROTECTIVE ORDER CONCERNING** |
| | ) | **PAYPAL SUBPOENA** |
| **Defendants.** | ) | |

### **MOTION**

On October 24, 2016 Plaintiff's counsel sent to Defendants' counsel the attached PayPal Subpoena for a records deposition on October 31, 2016 at 3:00 p.m.  Exhibit 1.  Defendants respectfully request that an Order be issued that the discovery from PayPal not be allowed. Defendants request that the PayPal Subpoena be quashed and the requested PayPal documents not be disclosed to Plaintiff or Plaintiff's counsel.

That Order would protect the Defendants' from annoyance, embarrassment and oppression pursuant to Federal Rule of Civil Procedure 26(c).  The personal PayPal accounts were used for intimate personal purchases and payment of personal bills.  The business PayPal account was used for so much more than anything related to this lawsuit.  The disclosure of this information may also violate the Defendants' right to privacy in the California Constitution.  The Defendants are citizens of California and so is PayPal.  The California Constitution states:

> ARTICLE 1  DECLARATION OF RIGHTS
>
> SECTION 1.  All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy.

A meet and confer concerning the PayPal Subpoena was conducted by telephone on October 26, 2016 with Plaintiff's counsel, William A. Doyle.

Federal Rule of Civil Procedure 1 states that the Rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding".  The disclosure of the documents from PayPal is not just and not proportional discovery as will be shown in the Memorandum and supporting documents that are attached and incorporated hereto.  For instance, the Subpoena requests all transactions in PayPal over a 5½ year period by Ann Galvan or Gloria Galvan, which would include personal transactions unrelated to any business activity.  Exhibit 1. Those transactions include the purchase of clothing, food, home goods, groceries, prescriptions, medicines, supplements, entertainment, meals, transportation, and gas.  Exhibit 2, ¶3.

Defendants respectfully request the Court to issue an Order that the discovery from PayPal not be allowed.  Defendants request that the PayPal Subpoena be quashed and the requested PayPal documents not be disclosed to Plaintiff or Plaintiff's counsel.

Respectfully submitted,

/s/ Patricia A. Walker
Patricia A. Walker (0001779)
*paw@walkerandjocke.com*
Ralph E. Jocke (0011642)
*rej@walkerandjocke.com*
Stacy L. Emhoff (0080295)
*sle@walkerandjocke.com*
WALKER & JOCKE CO., LPA
231 South Broadway
Medina, Ohio 44256-2601
Tel : (330) 721-0000
Fax : (330) 722-6446

Gordon E. Gray, III (admitted *pro hac vice*)
*geg@grayiplaw.com*
4401 N. Atlantic Avenue
Long Beach, CA 90807
Tel: (562) 984-2020
Fax: (532) 984-2019

*Attorneys for Defendants*

## MEMORANDUM IN SUPPORT OF MOTION

Defendants respectfully request an Order pursuant to Federal Rule of Civil Procedure 26(c) that the PayPal Subpoena be quashed and the requested PayPal documents not be disclosed to Plaintiff or Plaintiff's counsel.  The Subpoena to PayPal is an annoyance, embarrassment and oppression for a number of reasons.

PayPal is a service that is used for paying expenses and for receiving income.  PayPal is used by the Defendants to purchase intimate clothing as well as other personal items.  Exhibit 2, ¶3.  It is inappropriate that Defendants' personal transactions are discoverable and such disclosure of information may be unconstitutional under the California Constitution.  Secondly, the business PayPal account is used for many transactions that are unrelated to the claims in the lawsuit.  Exhibit 2, ¶4,6.  Third, this discovery request, that falls at the end of almost two years of discovery (discovery cut-off is October 31, 2016), is not proportional to the alleged need for information by Plaintiff and Plaintiff has obtained the information in other ways.  Exhibit 2, ¶5,6.

This Subpoena request for over 5½ years of voluminous personal transactions violates the scope of allowed discovery.  Federal Rule of Civil Procedure 26(b)(1) as recently modified states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The revision to the Rule makes it clear that the scope of allowable discovery has narrowed.  The request for all transactions in the PayPal accounts of Ann Galvan, Gloria Galvan, and their company, Hope Inspired Creations LLC, for the period of March 4, 2011 to present is largely

irrelevant to the Plaintiff's claims, not proportional to the needs of the case, is not necessary due to the Plaintiff's access to relevant information, and the discovery is not likely to resolve issues in the lawsuit.  Exhibit 2.  Obtaining 5½ years of detailed information on the personal lives of the Defendants is unreasonable.  The personal accounts of Ann Galvan and Gloria Galvan would include personal items that they bought, including prescriptions, and the personal bills that they pay.  Exhibit 2, ¶3.  That is not relevant to the issues in this alleged breach of contract, trademark and copyright infringement case.

Even the Defendants' business account is used for expenses that are not relevant to this case.  Exhibit 2, ¶4,6.  For instance, the Hope Inspired Creations LLC PayPal account is used for:

- Facebook Business Ads
- GoDaddy Host
- BlueHost
- Hightail: File Sharing service
- Website Maintenance
- Social Media Fees
- Legal Services
- Cloud Services
- Payment To Business Loan
- T-shirt printing fees
- Etsy Fees
- Wordpress fees
- Member Pay
- Office Supplies; and
- Purchase of Fonts.  Exhibit 2, ¶4.

The only transactions in the PayPal business account that may have any remote relevance are the commissions.  However, the request for commissions is unreasonably cumulative and duplicative as the Plaintiff has been given a detailed listing of the individual sales and commissions for the alleged wrongful products.  Exhibit 2, ¶5.  The listing of individual sales is hundreds of pages long.

5

In addition, even though the damages that the Plaintiff may receive in this lawsuit are not the Defendants' <u>gross</u> income, Defendants have provided the 1099s (tax documents which state the money paid to independent contractors) which show their gross income.  Exhibit 2, ¶5.  Plaintiffs have subpoenaed records of Cafe Press, Zazzle and INKtastic, which account for most of the income of the Defendants for their design business (the subject of this lawsuit).  Exhibit 3.  Therefore, the PayPal Subpoena request is unreasonably cumulative and duplicative.  This is an unreasonable and unwarranted invasion of privacy.

Further, gross revenues are not relevant in this case.  First of all, the Plaintiff alleges that the Defendants breached their 2011 Settlement Agreement of a prior lawsuit with the Plaintiff.  Plaintiff could only possibly obtain actual damages for injuries it incurred due to the breach of contract and not the gross, or even net income, of the Defendants.  Secondly, Plaintiff alleges that the Defendants have infringed the Plaintiff's Fight Like a Girl mark.  However, Defendants were authorized to use the Fight Like a Girl mark by the 2011 Settlement Agreement.  Thirdly, the Plaintiffs allege that the Defendants have infringed alleged copyrighted works of the Plaintiff.  For copyright infringement, at the most, the copyright work owner may receive only the profits of the infringer that are attributable to the infringement.  The Defendants earn income on numerous designs that are not subject to this lawsuit.  Exhibit 2, ¶6.  The designs involved in this lawsuit are a fraction of the total of Defendants' designs.  <u>Id</u>.  Therefore, the gross revenue information is not applicable.

The most troubling issue with the PayPal Subpoena is the personal nature of the information requested and the intrusion into the intimate activities of the Galvans.  The transaction by transaction opening of the Defendants' life is oppressive and an unnecessary embarrassment.  It will not reveal the sales of the accused designs.  That information will not be

able to be separated from the irrelevant information.  It is like killing a gnat with a cannonball.  This is the type of discovery that necessitated the changes to Federal Rules of Civil Procedure 1 and 26.

Defendants respectfully request that the Court issue on Order that the discovery sought by the Subpoena to PayPal be forbidden.  Defendants request that the PayPal Subpoena be quashed and the requested PayPal documents not be disclosed to Plaintiff or Plaintiff's counsel.

    Respectfully submitted,

/s/ Patricia A. Walker
Patricia A. Walker (0001779)
*paw@walkerandjocke.com*
Ralph E. Jocke (0011642)
*rej@walkerandjocke.com*
Stacy L. Emhoff (0080295)
*sle@walkerandjocke.com*
WALKER & JOCKE CO., LPA
231 South Broadway
Medina, Ohio 44256-2601
Tel : (330) 721-0000
Fax : (330) 722-6446

Gordon E. Gray, III (admitted *pro hac vice*)
*geg@grayiplaw.com*
4401 N. Atlantic Avenue
Long Beach, CA 90807
Tel:  (562) 984-2020
Fax: (532) 984-2019

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of October, 2016, I caused the foregoing Defendants' Motion For Protective Order Concerning PayPal Subpoena to be electronically served with the Court's electronic filing system to all attorneys indicated on the electronic filing receipt.

/s/ Patricia A. Walker
Patricia A. Walker