# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TSDC, LLC | ) | CASE NO. 1:14-cv-02699-DCN |
| | ) | |
|     Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | DEFENDANTS' OPPOSITION TO |
| | ) | PLAINTIFF'S MOTION FOR |
| ANN (ANTOINETTE) GALVAN, et al. | ) | EXTENSION OF FACT DISCOVERY |
| | ) | DEADLINE UNTIL NOVEMBER 30, |
|     Defendants. | ) | 2016 |

Plaintiff is asking for additional time to obtain information that they already have in the hope that they will figure out how they were allegedly damaged. Plaintiff is searching for something that will show how they are damaged as they have not discovered how they were damaged in the past 22 months of discovery.

Fourteen months ago the Defendants produced <u>over 800 pages</u> of sales records (for instance, HICL–Galvan 2-439; 662-913; and 1066-1241). Defendants produced records to show the sales of "Fight Like a Girl" related designs, designs that are alleged to infringe Literary Work #1 (the "Tribute Poem"), the "Grunge Hope" designs and the Survivor Collage. Discovery has been extended once (September 15, 2016 Order granting Doc. #68), but Plaintiff did not obtain the information it now claims to be seeking during the first discovery extension.

Presently, the Plaintiffs are seeking the total income that the Defendants received from the on-line print on demand websites, Cafe Press, Inc. ("Cafe Press"), Zazzle, Inc. ("Zazzle") and Inktastic, Inc. ("Inktastic"). However, the Plaintiffs only sent document subpoenas (not deposition subpoenas) for those third parties on September 8, 2016. The Plaintiff apparently did

1

not like the responses it received and Plaintiff did not schedule a deposition for two of those three entities before the end of discovery. The third entity, Cafe Press will be discussed later.

The Plaintiff also did not like the responses it received in the depositions of Ann Galvan and Gloria Galvan. The reason the Plaintiff did not receive the sales information it sought was not due to any recalcitrance or ignorance of the Defendants. Plaintiff failed to present relevant sales documents that had previously been produced to Plaintiff in discovery, to either Ann Galvin or Gloria Galvan during their depositions, but asked them to rely only on their memory of relevant sales and income figures. Most people cannot recite 5½ years of income figures from memory. However, the documents with those figures had been produced to Plaintiff 14 months earlier. During the deposition of Gloria Galvan, on the second day of depositions in California, Plaintiff's counsel spent 45 minutes trying to find sales documents that the Defendants had produced. In the end, Plaintiff's counsel was unsuccessful in finding the documents. Plaintiff's counsel asked no substantive questions about the detailed sales documentation previously provided.

Further, Plaintiff's counsel did not ask the Defendant witness with the most knowledge concerning sales and income, any questions about sales or income. Defendant Ann Galvan spends the most time with the business, but Plaintiff's counsel did not ask Ann Galvan sales or income questions. Instead, Plaintiff's counsel asked Defendant Gloria Galvan, who spends up to 60 hours per week on her full time job, the questions about the sales and income of the Defendants' business. Defendant Gloria Galvan is not the one who spends the most time on the business; Ann Galvan spends the most time with the business. This deficiency in Plaintiff's failure to ask the knowledgeable Defendant witness or to refer to documents provided by Defendants in discovery, is not good cause for the discovery deadline to be extended.

During the Defendants' depositions Plaintiff asked for the Defendants' 1099s (tax documents from third parties that indicate gross compensation). Even though the Defendants do not believe that the gross income figures for all of the Defendants' designs is relevant (because the vast majority are not at issue in this matter), within four days after the last Defendants' deposition in California, Plaintiff was provided with most of the 1099s and the rest were provided within nine additional days. Plaintiff has detailed data on the individual sales of all of the accused products provided in discovery by Defendants and has the gross income figures from Zazzle, Cafe Press and Inktastic. The discovery that Plaintiff requests is cumulative, and in most cases, irrelevant. If Plaintiff does not have the information, it is due to its own actions (or rather inaction) during the discovery period that has already been extended to 22 months.

The Plaintiff has played discovery games. For instance, the parties spent two days in depositions of Defendants in California, Thursday, October 13, 2016 and Friday, October 14, 2016. The Rule 30(b)(6) deposition of TSDC, LLC was scheduled by agreement for Tuesday, October 18, 2016. Plaintiff did not mention during the California depositions that the Plaintiff's Rule 30(b)(6) deponent was not going to show up on Tuesday. On Monday, October 17, 2016 counsel for the Plaintiff called and indicated that the Rule 30(b)(6) deponent would not appear the next day. It appears the Plaintiff did not have time to prepare the witness for the deposition testimony. Eventually, the deponent was presented on October 21, 2016 for deposition. However, even then, the Plaintiff's 30(b)(6) deponent refused to answer a number of questions during the deposition concerning damages, particularly concerning how TSDC, LLC was damaged by the Defendants.

This last minute drama on whether depositions are going forward also occurred with the California depositions. Admirably, with depositions scheduled in California the next week,

Plaintiff's counsel requested a settlement conference that was held on Friday, October 7, 2016. During that conference the attorneys arrived at a resolution of this lawsuit that appeared to be agreeable to counsel of all parties and hopefully satisfactory to the parties. It was agreed that on Saturday, October 8, 2016 at 2:00 p.m., the attorneys were going to consult and determine if the California depositions, that were to be held the next week, would go forward. This was very important to Defendants' counsel as that day was Defendants' counsel's 34th wedding anniversary and would have preferred to do other things rather than wait around for the Plaintiff's decision on settlement. Counsel for the Plaintiff called at 3:00 p.m., but he had no answer on whether the matter was settled. Unfortunately, Defendants' counsel never heard again from Plaintiff's counsel before leaving for California. They did not know whether the Plaintiff had agreed to settlement or not.

Further, Plaintiff has required Defendants to subpoena the officers of Plaintiff for their individual depositions. This was an unnecessary extra expense. Officer Tony Ellis was subpoenaed for October 19, 2016 along with Drew Binkley of TSDC, LLC. The deposition of Drew Binkley was approximately five hours on the record and after the deposition Defendants indicated they were prepared to go ahead with the deposition of Tony Ellis. Plaintiff declined and suggested that the deposition of Tony Ellis be held the next week. Plaintiffs reneged on that promise and suggested November 3, 2016 for the deposition.

Plaintiff scheduled a telephone deposition of Cafe Press for October 27, 2016 by sending a Notice of Deposition the day before. After their own investigation Defendants finally found out the name of the deponent for Cafe Press and asked the location of the deposition so the Defendants' Los Angeles based attorney, Gordon Gray, could attend the San Francisco area deposition. The deponent did not want to give her address as she did not wish to have the court

reporter nor the Defendants' counsel in her house, the place where she was planning to be while answering the deposition questions. This did not afford the Defendants due process as this is testimony that is intended by Plaintiff to be used at trial and Defendants need to be present to effectively observe and cross-examine the witness. The court reporter must be in the same location as the deponent under the Civil Rules and Defendants have the right to attend the deposition in person. After many discussions, the general counsel for Cafe Press indicated that the deposition for October 27, 2016 was off. The Cafe Press counsel requested that a location near the deponent should be found for the deposition and the deposition be set at a time that was convenient for the deponent. Defendants' counsel Gordon Gray then had to cancel his flight reservations from Los Angeles to San Francisco, California.

There was also last minute drama with the depositions that were scheduled in Iowa concerning the identity fraud and impersonation claims. Doc. #70 and 71. After the Defendants set up the depositions in Iowa the Plaintiff finally decided to request the dismissal of its unsupported claims 10 and 11 in the Amended Complaint that is the subject of the recent Motion and Response. Id.

Defendants also have objected to the last minute shotgun blast subpoena to PayPal. Doc. #72. Defendants have filed a Motion for Protective Order concerning that subpoena. Doc. #72.

Defendants previously agreed that discovery from Zazzle, Cafe Press and Inktastic could be held after the discovery cut-off, and the Plaintiff agreed that Tony Ellis could be deposed by the Defendants after the cut-off. However, after the Cafe Press debacle, Defendants believe that the expensive wrangling over discovery should end and the discovery deadline should not be extended. No more non-expert discovery, period.

If the Court grants the extension, Defendants request that the depositions of Zazzle, Cafe Press, Inktastic and Tony Ellis (requested by Defendants[1]) be the only non-expert discovery allowed. Otherwise, this month extension will only be a fishing expedition. Concerning the depositions for Zazzle, Cafe Press and possibly Inktastic, Defendants request reasonable notice of each deposition, the ability of Defendants' counsel to be present in person and to ask relevant questions and be assured that the deponent will be in the same room as the court reporter, Defendants' counsel, and the exhibits. This is likely trial testimony, and Defendants require due process by being able to fully observe, obtain testimony on exhibits, and cross-examine these witnesses.

The extension of the discovery cut-off would prejudice the Defendants as they were diligent in obtaining the discovery they needed. With a discovery extension Defendants are required to expend additional time and expenses because the Plaintiff is still trying to develop some evidence to support a basis to claim that it has been damaged by the Defendants, even after 22 months of discovery.

                                                Respectfully submitted,

                                                /s/ Patricia A. Walker
                                                Patricia A. Walker (0001779)
                                                *paw@walkerandjocke.com*
                                                Ralph E. Jocke (0011642)
                                                *rej@walkerandjocke.com*
                                                Stacy L. Emhoff (0080295)
                                                *sle@walkerandjocke.com*
                                                WALKER & JOCKE CO., LPA
                                                231 South Broadway
                                                Medina, Ohio 44256-2601
                                                Tel : (330) 721-0000
                                                Fax : (330) 722-6446

---

[1] Defendants are willing to forego the deposition of Tony Ellis if the depositions wanted by the Plaintiff are also not allowed.

Gordon E. Gray, III (admitted *pro hac vice*)
*geg@grayiplaw.com*
4401 N. Atlantic Avenue
Long Beach, CA 90807
Tel: (562) 984-2020
Fax: (532) 984-2019

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of November, 2016, I caused the foregoing Defendants' Opposition to Plaintiff's Motion for Extension of Fact Discovery Deadline until November 30, 2016 to be electronically served with the Court's electronic filing system to all attorneys indicated on the electronic filing receipt.

/s/ Patricia A. Walker
Patricia A. Walker