IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TSDC, LLC | ) | CASE NO. 1:14-cv-02699-DCN |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| ANN (ANTOINETTE) GALVAN, et al. | ) | DEFENDANTS' MOTION TO COMPEL |
| | ) | PLAINTIFF'S DEPOSITION |
| Defendants. | ) | RESPONSES |

On October 21, 2016 the Rule 30(b)(6) deposition of TSDC, LLC, the Plaintiff, was taken.  During the deposition the deponent selected by TSDC, LLC, Sandra Ellis, refused to answer at least 11 questions (at the Status Conference it was estimated at 5 questions).  The questions concern important issues of how the Plaintiff believes it was damaged by Defendants' activities and Plaintiff's interpretation of important documents.  Defendants request the Court to order that the questions by answered and limited follow-up clarification questions be allowed.

On October 26, 2016 a telephone meet and confer was held with Plaintiff's counsel and on November 3, 2016 Court permission was obtained to file this Motion.

The questions fall into two categories.  One is the damages that Plaintiff has allegedly incurred.  Defendants are entitled to find out what damages the Plaintiff alleges were caused by the Defendants.  That has never been answered.  Secondly, the unanswered questions concern the Plaintiff's interpretation of the 2011 Settlement Agreement in the prior lawsuit and the Amended Complaint.  Defendants are entitled to discover Plaintiff's interpretation of those documents.

1

The actual transcript of the deposition relating to the unanswered questions is attached as Exhibit B.  The unanswered questions, without any comments from counsel, are as follows:

**Damages**

1. What is the dollar amount of sales that you believe you have lost due to the alleged infringement by the defendants of the settlement agreement?

2. Have you lost any sales since your deposition was taken on September 11th, 2015?

3. Is TSDC claiming any damages in this lawsuit for losses incurred by Awareness Gift Boutique?

4. What damages did TSDC incur due to the alleged trademark infringement of the Galvans?

5. Ms. Ellis, as we sit here today, how much damage has TSDC incurred concerning the actions of the Galvans?

6. Can you name one sale that TSDC has lost due to the actions of the Galvans?

7. Can TSDC point to any customer that TSDC has lost due to the actions of the Galvans?

8. Are you making a claim to trial for damage due to the F**K cancer shirt that the defendants sell?

**Questions Concerning 2001 Settlement Agreement or Amended Complaint**

9. And why did you believe that the notice to Cafe Press complied with section 13(b) [cure provision – see Exhibit A] of the 2011 settlement agreement?

10. Ms. Ellis, is my understanding that the plaintiffs are not presenting a claim that the 2011 settlement agreement should be thrown out by this court, is that correct?

11. On the Amended Complaint, [Deposition] Exhibit 16, please look at paragraph 60.  I believe "branded" is used in that paragraph, so what did you -- what is meant by that paragraph, if you know?

Defendants have not received answers to those important questions.  Defendants hereby request an Order compelling the answers to these questions and reasonable limited follow-up questions, if necessary.

Respectfully submitted,

/s/ Patricia A. Walker
Patricia A. Walker (0001779)
*paw@walkerandjocke.com*
Ralph E. Jocke (0011642)
*rej@walkerandjocke.com*
Stacy L. Emhoff (0080295)
*sle@walkerandjocke.com*
WALKER & JOCKE CO., LPA
231 South Broadway
Medina, Ohio 44256-2601
Tel : (330) 721-0000
Fax : (330) 722-6446

Gordon E. Gray, III (admitted *pro hac vice*)
*geg@grayiplaw.com*
4401 N. Atlantic Avenue
Long Beach, CA 90807
Tel:  (562) 984-2020
Fax: (532) 984-2019

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of November, 2016, I caused the foregoing Defendants' Motion to Compel Plaintiff's Deposition Responses to be electronically served with the Court's electronic filing system to all attorneys indicated on the electronic filing receipt.

/s/  Patricia A. Walker
Patricia A. Walker