IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TSDC, LLC, | ) | CASE NO. 1:14-cv-02699-DCN |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | PLAINTIFF'S REPLY IN SUPPORT |
| | ) | OF MOTION FOR ORDER |
| ANN (ANTOINETTE) GALVAN, et al., | ) | DISMISSING COUNTS 10 AND 11 OF |
| | ) | AMENDED COMPLAINT AND |
| Defendants. | ) | MOTION TO STRIKE DEFENDANTS' |
| | ) | RESPONSE IN PARTIAL |
| | ) | OPPOSITION TO PLAINTIFF'S |
| | ) | MOTION |
| | ) | |

Defendants Ann (Antoinette) Galvan and Gloria Galvan ("Defendants") asked Plaintiff TSDC, LLC ("Plaintiff") to dismiss Counts 10 and 11 of Plaintiff's Amended Complaint (the "Complaint) (E.C.F. # 24) prior to traveling to Ames, Iowa for depositions in connection with those claims. Plaintiff subsequently informed Defendants that it was going to voluntarily dismiss Counts 10 and 11. On October 20, 2016, Plaintiff filed its Motion for Order Dismissing Counts 10 and 11 of Amended Complaint (E.C.F. # 70) (Plaintiff's "Motion"), seeking the dismissal of those claims <u>without</u> prejudice. On that basis, Defendants canceled the Iowa depositions. Incredibly, Defendants now request that those claims be dismissed with prejudice, notwithstanding the fact that they have not submitted any motion for summary judgment pursuant to Fed.R.Civ.P. 56, nor any evidence supporting the sought after dismissal of those claims, including that which would have purportedly been obtained during the cancelled depositions.

Instead, Defendants ask the Court to take their word that "[n]o evidence can be found supporting these claims," simply based upon their counsel's statement that one subpoenaed party does not have any documents or information relating to the issues alleged in Counts 10 and 11. (Defendants' Response in Partial Opposition to Plaintiff's Motion (Defendants' "Brief in Opposition"), p. 2 (E.C.F. # 71).)[1] In other words, Defendants seek to bootstrap a full and final adjudication of Counts 10 and 11 through their Brief in Opposition without introducing any supporting evidence, without filing any motion for summary judgment.

In doing so, Defendants ask the Court to make a factual determination with respect to these claims while facts are still in dispute. This is improper under the Federal Rules of Civil Procedure and Defendants' Brief in Opposition should consequently be stricken from the record. As it stands, nothing in Defendants' Brief in Opposition can lead the Court to a determination that Counts 10 and 11 should be dismissed with prejudice as is required in order for .

Defendants' Brief in Opposition also fails because it makes clear that Defendants seek dismissal of Counts 10 and 11 solely out of concern of facing those claims in a separate, subsequent lawsuit, and not because of any legal prejudice, as Defendants were required to show in order to properly oppose Plaintiff's Motion.

The purpose of Fed.R.Civ.P. 41(a)(2) is to protect the nonmovant from "unfair treatment." *First Nonprofit Ins. Co. v. Summit County Children Services,* N.D.Ohio No. 5:14CV796, 2016 WL 1465749 (citing *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.,* 583 F.3d 948, 953 (6th Cir.2009). In so analyzing, courts seek to determine whether the nonmovant "would suffer plain legal prejudice as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Bridgeport Music,* 583 F.3d at 953.

---

[1] In making this argument, Defendants ignore the subpoenaed party's explanation that no one involved in this current litigation is still working for their company.

(quotations omitted). In weighing whether "plain legal prejudice" would result from a dismissal without prejudice, courts consider: (1) the defendant's efforts in preparing for trial; (2) any excessive delay in litigation caused by the plaintiff; (3) the plaintiff's explanation for taking the nonsuit; and (4) the present stage of the litigation, including whether defendant has filed a motion for summary judgment. *Id.*

Here, all of the factors listed in *Bridgeport Music* weigh in favor of the dismissal of Counts 10 and 11 <u>without</u> prejudice and demonstrate lack of legal prejudice to Defendants.

First, Plaintiff's dismissal of Counts 10 and 11 will not cause Defendants any legal prejudice given the present stage of the litigation. Because Defendants have not sought to dispose of Counts 10 and 11 by summary judgment or otherwise, and because no trial[2] as to those claims is impending, Defendants cannot complain that they are being deprived of an imminent order from the Court with respect to Counts 10 and 11. *See, e.g., Rivera v. DePuy Orthopaedics, Inc.,* N.D.Ohio 3:10 dp 20060, 2011 WL 4368981 (Sep. 19, 2011) (dismissing claims without prejudice where dispositive motions had not yet been filed); *cf. Luckey v. Butler Cnty.,* No. 1:05CV388, 2006 WL 91592, at *3 (S.D.Ohio Jan. 13, 2006) (granting dismissal without prejudice even though the defendant *had* filed a dispositive motion). Moreover, on November 3, 2016, the Court extended all case deadlines by 30 days, including the discovery cutoff, further demonstrating that no dispositive orders on Counts 10 and 11 are imminent. (E.C.F. # 77.)

---

[2] To the extent Defendants have conducted any discovery, or put forth any other effort investigating Counts 10 and 11, such efforts could be used in a subsequent action on those claims. *See Cogent Solutions Group, LLC v. Brown,* S.D.Ohio No. 2:12-cv-665, 2013 WL 6116052, at *6 (Nov. 20, 2013) (finding that the fact that discovery already conducted prior to dismissal could be used in a subsequently filed action "cuts against" a finding of plain legal prejudice).

Further, Plaintiff has not caused any excessive delay in the litigation as a result of its Motion.[3]  Defendants cannot show that Plaintiff did anything to drag its feet in pursuing discovery on Counts 10 and 11.  Indeed, in May of 2016, the Parties stipulated to a stay of the case, including discovery, for purposes of settlement discussions.  (E.C.F. # 46.)  After the stay, the Parties stipulated to an extension of the discovery cutoff until October 31, 2016.  (E.C.F. # 68.)  During that time, the Parties took extensive discovery.  Additionally, Plaintiff's Motion came prior to the expiration of the discovery cutoff in this case, further demonstrating that Plaintiff's Motion did not cause any excessive delay.  *Cf. Kehoe Component Sales, Inc. v. Best Lighting Products, Inc.,* 933 F.Supp.2d 974, 992-93 (S.D.Ohio 2013) (granting dismissal without prejudice even though the plaintiff moved to do so *after* the cutoff for discovery, and even though the defendant had incurred defense costs relating to plaintiff's claims)  In short, Plaintiff did not wait until after Defendants filed a dispositive motion, or until the eve of trial, before filing its Motion.  Thus, Plaintiff has not caused any excessive delay in the litigation before seeking the instant dismissal without prejudice.

Finally, Plaintiff's reason for "taking the nonsuit" was a determination made in accordance with Plaintiff's litigation strategy to narrow the issues for trial, as commonly done pursuant to Fed.R.Civ.P. 41(a)(2).[4]  In fact, allowing them to do so is in the best interests of judicial economy as it limits the scope of what the parties must prepare and what the factfinder must consider.  Thus, all of the *Bridgeport Music* factors weigh in favor of granting Plaintiff's

---

[3] Defendants' claim that Plaintiff agreed to dismiss Counts 10 and 11 of the Complaint on March 1, 2016 is inaccurate.  (Brief in Opposition, p. 1.)  At one point, the Parties had discussed an arrangement where Plaintiff would dismiss Counts 10 and 11 as part of a larger resolution concerning the issues raised in Defendants' Motion to Compel Discovery (E.C.F. # 29).  However, Defendants never withdrew their Motion to Compel Discovery and instead continued to try to leverage it against Plaintiff until the Court ultimately dismissed it on March 22, 2016 (E.C.F. # 43).

[4] Plaintiff had, and continues to have, a good faith basis for pursuing Counts 10 and 11.  In fact, Sandra Ellis, Plaintiff's Fed.R.Civ.P. 30(b)(6) witness, testified to the incident forming the basis of Counts 10 and 11 in her deposition.  That testimony itself could be used to defeat a motion for summary judgment on Defendants' argument that no evidence exists to support Counts 10 and 11 of the Complaint.

Motion. *See First Nonprofit,* 2016 WL 1465749 at *2 (finding that dismissal of claims without prejudice was appropriate because any discovery that had been conducted could be used in a subsequent action on the dismissed claims, there was no delay in the prosecution of the claims, and the case had not yet reached the dispositive motion stage).

Defendants' Brief in Opposition is nothing more than an attempt to avoid a future lawsuit on Counts 10 and 11 of Plaintiff's Complaint.  But, Fed.R.Civ.P. 41(a)(2) does not countenance a dismissal of claims with prejudice on account of a defendant's concern over the prospect of a subsequent lawsuit.  If Defendants seek the dismissal of Counts 10 and 11 with prejudice, they should move the Court pursuant to Fed.R.Civ.P. 56 and provide the requisite evidentiary materials in support of dismissal.  As it stands, Defendants have done nothing to effectuate such a dismissal.  If the Court is inclined to consider evidence for these claims rather than dismissing them <u>without</u> prejudice, Plaintiff respectfully requests that the Court give the parties the opportunity to continue to pursue discovery on those claims.

For these reasons, Plaintiff's Motion should be granted and Defendants' Brief in Opposition should be stricken from the record.

    Respectfully submitted,

*/s/ William A. Doyle*
Philip R. Bautista (0073272)
*pbautista@taftlaw.com*
Amelia J. Workman Farago (0080260)
*afarago@taftlaw.com*
William A. Doyle (0090987)
*wdoyle@taftlaw.com*
TAFT, STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302
Tel: (216) 241-2838
Fax: (216) 241-3707

*Attorneys for Plaintiff*

5

6

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of November, 2016, I caused the foregoing to be electronically served with the Court's electronic filing system to all attorneys indicated on the electronic filing receipt.

*/s/ William A. Doyle*
William A. Doyle (0090987)
